WELLS, FARGO & COMPANY, Respondent, vs. WALSH, Appellant.

*January 13 — January 30, 1894.*

*Foreign will: Probate: How made effective as to lands in this state: Equity: Right of creditor to compel executor to have will allowed.*

1. A foreign will devising lands in this state to an executor in trust to pay debts. and the probate of such will in the state of the testator's domicile, have no effect upon the title to the lands in this state, and a creditor of the testator acquires thereby no lien upon or interest in such lands, until the will has been made effective by a compliance with our statutes. R. S. secs. 2295, 3790, 3793.

2. The creditor cannot, in such a case, maintain an action to compel the executor to have the will probated or allowed in this state, because he himself has the same right as the executor to procure such allowance.

APPEAL from the Circuit Court for *Jefferson* County. Action in equity, brought in the circuit court for Jefferson county. The complaint alleges the corporate character of plaintiff, and that the defendant is the widow of James Walsh, who died March 24, 1882, testate, in the state of

Nevada, leaving surviving him, besides his widow, three children still living; that deceased died seised of real and personal property in Nevada, also 200 acres of land in Jefferson county, Wisconsin, which is described and alleged to be of the value of $10,000; that by his last will deceased devised his entire estate, specifically including said lands in Jefferson county, to the defendant in trust, first for the payment of his debts, and afterwards for the maintenance of herself and children until said children should arrive at maturity; that said will was duly probated in the district court for Story county, Nevada (being the county in which deceased resided), April 22, 1882, and the defendant was duly appointed executrix of such will, and duly qualified as such; that James Walsh was at the time of his death indebted to the plaintiff in the sum of $6,077.10, which claim was duly proved and allowed as a claim against said estate May 28, 1884, by said district court of Story county, and is still unpaid; that defendant filed an inventory and appraisement of the estate in said court, but did not include therein the Jeferson county lands, and that the entire amount of said inventory is only $5,468.50; that the administration of said estate has never been closed, and that plaintiff has been unable to find any assets in Nevada with which to liquidate its claim, and upon information and belief that such assets in said state are not sufficient to pay its claims or any considerable part thereof; that no proceedings have been taken to probate said will in the probate court of Jefferson county, nor to administer said estate, and said will has never been admitted to probate in said court; that defendant has neglected to pay the taxes upon said lands, but has allowed them to be sold for taxes, and has herself fraudulently taken a tax deed of said lands, which is a cloud upon the title thereof, and that she claims to be the owner of said lands in her own right, and has offered to sell the same in fraud of the plaintiff. Judgment is demanded that the defendant be compelled to

probate the will and administer the estate in the probate
court of Jefferson county, and sell said lands and subject
the proceeds to the payment of plaintiff's claim, or that
the plaintiff's claim be adjudged to be a lien on said lands
and that the same be sold to pay such claim; that the de-
fendant's tax deed on said lands be set aside and vacated;
and that defendant be restrained from conveying or incum-
bering said land until plaintiff's claim is paid.

To this complaint the defendant demurred generally
and because the court has no jurisdiction either of the sub-
ject of the action or of the person of the defendant. From
an order striking out the demurrer as frivolous, defendant
appealed.

For the appellant there was a brief by *Winkler, Flan-
ders, Smith, Bottum & Vilas,* and oral argument by *W. K.
Gibson.* They argued, among other things, that the pro-
bate of the will in Nevada and the allowance of plaintiff's
claim by the Nevada court had no effect upon the lands in
this state, and such judgment is not even evidence here
that plaintiff is a creditor of the estate. *Johnson v. Powers,*
139 U. S. 156; *Price v. Mace,* 47 Wis. 23; *Van Steenwyck
v. Washburn,* 59 id. 510; *McGarvey v. Darnell,* 134 Ill. 370;
*Van Gieson v. Banta,* 40 N. J. Eq. 14; *Woodruff v. Young,*
43 Mich. 548, 551; *Magraw v. Irwin,* 87 Pa. St. 139. The
statutes of this state prescribe the only method by which
the lands here can be reached and subjected to the claims
of creditors against the estate. R. S. secs. 3789, 3790,
3792, *et seq.* The want of equity in the complaint is mani-
fest by reference to the statute, which provides for admin-
istration in the county court, and which gives to the cred-
itor a full and adequate remedy. While such remedy is
available, a court of equity has no jurisdiction to assume
the administration and control of the estate at the instance
of a particular creditor. 1 Redf. Wills, 401; *Curtis v.*

*Smith,* 6 Blatchf. 546–7, 549, 551; *Campbell v. Sheldon,* 13 Pick. 8; *Lannon v. Hackett,* 49 Wis. 269; *Bostwick v. Dickson,* 65 id. 594. .Neither has the court jurisdiction to compel this defendant to file a copy of the will, etc., in the county court. The plaintiff has a right to do so itself. *Jenkins v. Lester,* 131 Mass. 357; *Campbell v. Wallace,* 10 Gray, 163; *Hobart v. Conn. Turnpike Co.* 15· Conn. 145; *Curtis v. Smith,* 6 Blatchf. 546.

*Harlow Pease,* for the respondent, contended, *inter alia,* that the object of the action is to enforce the execution of a trust created by the will, which the defendant accepted and is in duty bound to execute, and which no one else can execute while she holds the office of executrix. *Hayes v. Pratt,* 147 U. S. 557; R. S. sec. 2123; *Jones v. Roberts,* 84 Wis. 465; *Earle v. Earle,* 93 N. Y. 104. Sec. 3845, R. S., expressly authorizes actions in the circuit court against an executor or administrator for the purpose of establishing or enforcing a lien or right of lien on real or personal property. The statutes relating to the jurisdiction of county courts in the administration of estates do not divest the circuit courts of their equitable jurisdiction in cases of this nature, and no other courts can so well and so fully exercise it. *Catlin v. Wheeler,* 49 Wis. 507, 520; *Payne v. Hook,* 7 Wall. 425.

WINSLOW, J. It seems clear to us that this demurrer should have been sustained. If the action be regarded as having been brought for the purpose of compelling the executor to prove the will of Walsh in this state, it cannot be maintained, for the reason that the plaintiff, as a creditor of Walsh, has the same right to produce an authenticated copy of the will and its probate in Nevada, to the county court of Jefferson county, and procure its allowance, as the defendant has. R. S. secs. 3790, 3793. The plaintiff's

remedy at law is therefore entirely adequate and complete as to this part of the relief prayed for, and no interposition of a court of equity is necessary.

But, if the action is brought to subject the land in Jefferson county to the trust created by the will of Walsh in favor of his creditors, the conclusive answer is that the title to the land is as yet unaffected by the provisions of the will, and consequently the plaintiff has no interest in it.

This is not the case of a transfer or trust created *inter partes*, but a transfer in trust, created, if at all, by decree of the probate court of Story county, Nevada. The decree of that court, as to realty certainly, can have no extraterritorial effect. It cannot affect for a moment the title to real estate in Wisconsin. This is elementary law. *Robertson v. Pickrell*, 109 U. S. 608. The alleged title of the trustee, and the consequent interest of the plaintiff as a *cestui que trust*, is derived, not from the *jus disponendi* of the owner, but from an act of the law of Nevada; and the effect of that act is confined to the jurisdiction over which the law extends. *Curtis v. Smith*, 6 Blatchf. 537; *McClure v. Campbell*, 71 Wis. 350. Ample provision has been made by our statutes for proper proceedings by which a foreign will duly probated in the state of the testator's domicile may be made effective as to lands owned by him within this state. R. S. secs. 2295, 3790, 3793. None of these provisions is alleged to have been complied with, consequently the provisions of the will are as yet of no effect upon the title of the land in question.

The same considerations demonstrate that the plaintiff has no standing in court to attack the defendant's alleged fraudulent tax deed. It has no lien upon, nor interest in, the land.

*By the Court.*— Order reversed, and action remanded with directions to sustain the demurrer.