## W. B. LOGAN v. MRS. JENNIE THOMASON ET AL.

No. A-1170. Decided May 14, 1947.
Rehearing overruled June 11, 1947.
(202 S. W., 2d Series, 212.)

*C. T. Gettys, J. V. Patterson,* both of Decatur, for petitioner.

38

*Donald & Donald,* of Bowie, for respondents.

MR. JUSTICE FOLLEY delivered the opinion of the Court.

This is a will contest in which W. B. Logan is the proponent in the application to probate a copy of the alleged last will and testament of W. W. Bowers, deceased. Bowers left no surviving widow or children. B. W. Logan, deceased father of W. B. Logan, was the principal beneficiary in the will. The principal contestant is Mrs. Jennie Thomason, sister of Bowers, who, in the absence of a will, would not only inherit a portion of his estate but would be entitled to other shares which she had purchased from others interested in the estate. She was joined in the contest by J. H. Simmons and wife, Marguerite Simmons, to whom Mrs. Thomason had assigned an interest in some oil-producing land of the deceased's estate in Wichita County.

The original of the will could not be produced in court, and an unexecuted carbon copy was offered as proof of the contents of the same. The copy was dated November 11, 1927. In it M. W. Burch, an attorney of Decatur, was appointed independent executor. It purports to devise a one-sixteenth interest in deceased's estate to each of five first cousins. It also makes a bequest of $20.00 to each of several other relatives. The fifth clause of the instrument provides for the gift to B. W. Logan. It reads as follows:

"After the payment of the legacies and bequests hereinbefore set forth, I give, devise and bequeath to B. W. Logan in fee

simple, an equal one-half part of all the rest and residue of my said property, both real and personal, of which I may die seised and possessed without remainder to any person whomsoever."

The proponent was not an heir of W. W. Bowers. His father and Bowers were brothers-in-law, the elder Logan having married Bowers' sister. B. W. Logan died intestate July 5, 1934. Bowers died April 15, 1942. Mrs. Bowers died prior to either of them and before the execution of the alleged will.

On January 25, 1945, M. W. Burch, the executor appointed under the will, filed the original application to probate the instrument in the county court of Wise County. Before any hearing was had in the county court he filed his motion to withdraw as proponent, declared that he did not desire to be executor, and renounced and disclaimed any right, interest or title in the estate. The next day W. B. Logan, son of the deceased beneficiary, filed his application to probate the alleged will and to be appointed as administrator with the will annexed. He alleged that he was a suitable person to be appointed and that he was interested in the Bowers' estate because his deceased father was the principal beneficiary under the proposed will; and that as an heir of his father, who died intestate, he was interested pecuniarily in probating the instrument. He did not allege any facts showing a necessity for administration, nor was his application treated as one for administration. On the contrary, in each of the courts below it was considered merely as an application to probate the will of W. W. Bowers. It may be construed here only as such an application.

The contestants interposed oral objections to the withdrawal of Burch and the substitution of W. B. Logan as proponent of the will; and the county court refused the motion of Burch to withdraw and that of W. B. Logan to intervene as a proponent. Upon further hearing on the merits that court refused to probate the alleged will because it found the evidence insufficient to establish it as the last will and testament of the deceased.

Burch and the proponent Logan appealed to the district court of Wise County. There, in limine, the same motions were again urged for Burch to withdraw and Logan to be substituted as proponent of the will, and each was granted over the objections of the contestants. The trial was before a jury. At the conclusion of the evidence the contestants filed a motion for an instructed verdict denying the probate of the will. One of the

reasons assigned was that under the evidence W. B. Logan *was* "a mere interloper, having no claim or right entitling him to urge probate of such instrument." The court submitted only one issue to the jury, in response to which the jury found that the proposed will had been revoked by the deceased. Thereupon, judgment was entered refusing to probate the instrument. In the judgment it is recited that prior to the trial upon the merits the court granted the motion of Burch to withdraw as proponent, dismissed him from the proceeding and ordered that W. B. Logan be submitted in his place, to which action of the court the contestants duly excepted.

. Upon appeal to the court of civil appeals the contestants, by cross-assignment, challenged the authority of W. B. Logan to act as proponent of the will. They asserted that he is not a person interested in the estate within the meaning of article 3339, Vernon's Ann. Civ. St., because his father, B. W. Logan, preceded W. W. Bowers in death, and thus the legacy to him lapsed leaving the son without an inheritable interest in the devise. The effect of the majority opinion of the court of civil appeals, which was written by Justice Hall, was to overrule this contention. In a concurring opinion Justice Speer expressed the view that W. B. Logan was authorized to intervene because of some other suit he has pending seeking to recover a portion of the estate by virtue of an alleged contract between his father and Bowers with reference to the testamentary disposition of the property of the latter. There were no allegations of such an agreement and the proof did not establish it. Moreover, under our views, hereinafter expressed, such agreement becomes immaterial. Chief Justice McDonald dissented from the majority opinion on the question of the competency of W. B. Logan to act as a proponent of the will. 199 S. W. (2d) 210.

All parties have filed applications for writs of error in this court. As a matter of convenience we shall leave them in the same relative positions they occupied in the court of civil appeals. Thus W. B. Logan will be the petitioner and the other parties the respondents.

The respondents in this court again urge that W. B. Logan is without authority to offer the will for probate, and we are of the opinion their contention must be sustained.

When a devisee or legatee, other than a lineal descendant, dies during the lifetime of the testator, the gift to him fails or lapses unless the testator prevents it by a provision in his will

for the substitution of some other recipient. That is, if the will does not provide for substitution the devise or bequest fails where the deceased devisee or legatee is not a descendant of the testator, or where, being a descendant, he himself was not survived by children or descendants who survive the testator. Bomar v. Carstairs, 124 Texas 492, 79 S. W. (2d) 841. Not only does the will herein involved fail to provide for a substitute recipient but it expressly excludes "remainder to any person whomsoever." Article 8295, Vernon's Ann. Civ. St., prevents a lapse by reason of the death of a devisee or legatee who is a descendant of the testator and who leaves descendants who survive the testator. But neither of the Logans was a descendant of the testator. Therefore, since the elder Logan predeceased the testator, and the will did not substitute a recipient, the gift to him lapsed, and W. B. Logan would take nothing under the will in the event it is admitted to probate. Leatherwood v. Stephens, Tex. Com. App., 24 S. W. (2d) 819. Nor is it shown that the failure to probate the instrument will in any manner defeat or affect any rights the petitioner may have independent of the will.

■ Articles 3315 and 3339, Vernon's Ann. Civ. St., specify the persons who are authorized to contest or offer a will for probate in this state. The former provides that *any person interested in an estate* may file opposition thereto in writing, and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits. The latter article provides that applications for the probate of a will may be made by the testamentary executor, or by *any person interested in the estate of the testator.* Of course, no one questions the right of M. W. Burch, the executor named in the will, to present it for probate. Lang v. Shell Petroleum Corporation, 138 Texas 399, 159 S. W. (2d) 478. He is so authorized specifically by the statute. But W. B. Logan is not named as an executor, and he must obtain his authority from the remainder of the statute which limits proponents to "any person interested in the estate of the testator."

■ In this and other jurisdictions where will contests are limited to "persons interested in the estate of the testator" the term "person interested" has a well-defined but restricted meaning. The interest referred to must be a pecuniary one, held by the party either as an individual or in a representative capacity, which will be affected by the probate or defeat of the will. An interest resting on sentiment or sympathy, or any other basis other than gain or loss of money or its equivalent, is insufficient.

Thus the burden is on every person contesting a will, and on every person offering one for probate, to allege, and, if required, to prove, that he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate of the will. Re Duffy, 228 Iowa 426, 292 N. W. 165, 128 A. L. R. 943.

In Moore v. Stark, 118 Texas 565, 17 S. W. (2d) 1037, 1041, this court had under consideration the meaning of the term "person interested" in connection with a will contest in which the right of the contestants to appear and oppose the probate of the will was challenged. After quoting articles 3315, by virtue of which parties receive their authority to contest a will, the court said:

"This is but a concrete statement of the universal rule of parties that no person will be permitted to maintain a proceeding without showing an interest in the subject matter thereof. It is contrary to the policy of the state to permit the machinery of its courts to be set in motion at the instance of one who can in no event be profited thereby. Courts do not sit to decide mere abstract questions of law, but to redress grievances and prevent wrongs. Whatever the jurisdiction of a court, that court has no power to exercise such jurisdiction until its power is invoked by one having an interest in the subject-matter."

In Abrams v. Ross' Estate, Tex. Com. App., 250 S. W. 1019, a similar statement is found with reference to the requirements of contestants under the same article, which is as follows:

"Obviously the burden is upon every person appearing to oppose the probate of a will to allege, and, if required, to prove, that he has some interest in the estate of the testator which will be affected by such will if admitted to probate. In the absence of such interest a contestant is a mere meddlesome intruder."

While the two cases cited refer to the meaning of the term as used in article 3315, which deals only with contestants, we can see no reason why the same principle should not apply to the same term as used in article 3339 with reference to proponents of a will. At least the trend of our decisions is in that direction and to that effect, though no case that we have found involved a proponent, as in this case, who actually possessed no interest to be affected by the probate of the will. They involve proponents who possessed such interests, and, in holding them competent

as proponents, rather than as incompetent, as here, certain principles have been announced with reference to their qualifications generally which support our present views.

In Ryan v. Texas & Pacific R. R. Co., 64 Texas 239, 242, this court had under consideration the right of the Texas & Pacific Railroad Company to offer the will of Caroline M. Doggett for probate as an essential muniment of title to some land it had acquired from her husband, E. M. Doggett. The land was community property. The testatrix had previously died and her will, which had not been probated, invested her husband with her community estate. The husband, who was her sole devisee, had theretofore offered the will for probate, but the same was not probated and the suit dismissed because he and the heirs of his wife reached a compromise agreement to partition the estate. The railway company then proposed the will for probate and the heirs of the testatrix contested its right to have the same probated. The will was admitted to probate and in affirming that judgment this court said:

"Where the executor decline to offer a will for a probate, any one claiming an interest *under it* may present it for probate; but it should appear that he is not a mere intruder." (Emphasis added.)

Similar holdings were made in St. Mary's Orphan Asylum v. Masterson, 122 S. W. 587, writ denied, and Howley v. Sweeney, 288 S. W. 602, where good faith purchasers from devisees and heirs of the testator sought probate of the will as a muniment of title. In each case the wills were not offered for probate by the devisees, and, in the event of intestacy, certain parties, not grantors of the vendees, would have succeeded to a portion of the testator's estate. It was held in those cases that the vendees were such "interested persons" as were qualified to offer the wills for probate in order to preserve and protect their titles. In each instance, however, the proponents possessed a pecuniary interest to be benefited and affected by the probate of the will and one which would have been materially impaired in the absence of its probate. That is the true test of one's right to probate a will. In re Hammond, 163 App. Div. 877, 147 N. Y. S. 884; Diem v. Drogmiller, 158 Mich, 380, 122 N. W. 637.

In Alexander's Commentaries on Wills, Vol. 111, p. 1843, Sec. 1188, we find the following with reference to parties who may offer a will for probate:

"In matters of probate or administration, those not interested under the will or entitled to suceed to a portion of the decedent's property in the event of intestacy, have no standing in court."

In Page on Wills, Vol. 2, p. 117, Sec. 591, in this statement on the subject:

"Under many modern statutes, any person who is interested in having the will admitted to probate may propound it for probate. This includes anyone who has a beneficial interest under the will, such as a devisee, or a legatee, or a guardian of a devisee or legatee, or an assignee of a legatee, or a grantee of devisee or a creditor of testator or of a devisee or of a legatee."

In 28 R. C. L. 360, Sec. 361, is a similar announcement:

"Wills may be presented for admission to probate by either an executor, legatee, devisee, creditor, or other person interested in the estate, and it has sometimes been held that no one except such persons has authority to probate the will ."

In 68 C. J. 888, 889, Sec. 619, under the topic of "Persons Interested," it is further stated:

"It is also the rule, and is so provided by statute in some states, that application for probate of the will may be made by any person interested in the will, such as a devisee or legatee named in the will, or by a creditor of the testator or of a devisee or legatee, or by any person interested in the estate of the testator, particularly where the executor declines or neglects to move in the matter, or, where no executor has been appointed, upon the refusal of one who has taken out letters or administration of the estate to offer the will for probate. Under this rule, it is necessary that a person show that he has some interest in the matter before he will be allowed to become a proponent, as one who has no sufficient interest in the will or estate cannot petition for probate or for an order requiring the production of the will."

It will be noted from the language of the texts quoted that creditors of the testator are sometimes included as parties authorized to offer wills for probate. This ordinarily is by virtue of some statute which grants such authority in the particular state involved. Wells, Fargo Co. v. Walsh, 87 Wis. 67, 57 N. W. 969; Stebbins v. Lathrop, 21 Mass. (4 Pick.) 33; Dodd v. Anderson, 197 N. Y. 466, 90 N. E. 1137, 18 Ann. Cas. 738, 27 L. R. A. (N. S.) 336. No such statute exists in this state, and

our decisions on the subject expressly exclude creditors of the testator.

In Pena y Vidaurri's Estate v. Bruni, 156 S. W. 315, 316, writ refused, in defining a "person interested" as used in article 3315, the court said:

"The expression, 'person interested,' as used in the statute, includes only him, who either absolutely or contingently is entitled to share in the estate or the proceeds thereof, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, *except as a creditor.*" (Emphasis added.)

Again, in Daniels v. Jones, 224 S. W. 476, 478, writ refused, the rule announced in the Bruni case was reaffirmed, and the following language from Alexander's Commentaries on Wills, Vol. III, p. 2038, was quoted:

"Nor has a creditor as such an interest in the estate of a decedent which will authorize him to contest the will, since it is immaterial by whom his claim is paid or whether the assests of the estate are administered under the will, or as in the case of intestacy. Any other rule would result in trouble, expense and delay."

In the same manner, particularly since our statutes do not include creditors of a testator as proper parties to probate or contest wills, it might be said that such a creditor has no interest in the estate which will authorize him to offer a will for probate because "it is immaterial by whom his claim is paid, or whether the assets of the estate are administered under the will, or as in case of intestacy." Of course, as above indicated, a different rule would apply to grantees, assignees or creditors of heirs and devisees where rights might be materially affected by failure to probate the will. W. B. Logan, however, is not such a party since he has not shown by allegation or proof that he has any beneficial interest, real or prospective, which will be impaired, or in any manner materially affected, by failure to probate the will. In the absence of such a showing, especially since his authority is challenged, he is an interloper and "a mere meddlesome intruder," who, because of his lack of interest in the subject matter of the suit, has no standing in court. It is a sound rule to prohibit such a party from originating or entering a controversy in which he has no material interest to be affected by the judgment to be rendered. To so permit such unwarranted intrusions would unduly burden our courts, and in many in-

stances, as it probably has in this case, would deprive real parties at interest of the right of partitioning their estates and of compromising and setting their controversies in or out of court. Therefore the jurisdiction of the district court was not invoked to hear and determine the application of W. B. Logan for the probate of the will.

Our failure to determine the other matters decided by the court of civil appeals should not necessarily be construed as an approval of the holdings thereon. Since the district court was without authority to hear the application before it, such questions become moot and immaterial.

The judgments of the court of civil appeals and the district court are reversed, and the application of W. B. Logan to probate the will is ordered dismissed without prejudice to the right of any competent party to appear or intervene in the district court as proponent of the will.

Opinion delivered May 14, 1947.

Rehearing overruled June 11, 1947.