THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



WILL WILSON
ATTORNEY GENERAL

April 15, 1957

Hon. J. O. Duncan　　　　　　　　　WW-95
District-County Attorney
Upshur County　　　　　　　　　　Re:　Whether or not a certain 1953
Gilmer, Texas　　　　　　　　　　　　　will can be probated, or if it is
　　　　　　　　　　　　　　　　　　　　a legal will subject to being
　　　　　　　　　　　　　　　　　　　　probated; or whether or not the
Dear Mr. Duncan:　　　　　　　　　　　property is subject to escheat.

　　　　You request the opinion of this office upon the questions
presented in your letter of March 29, 1957, which is as follows:

　　　　"I would like to have your opinion based upon
the following facts:　John Doe made a will in 1953
and subsequent thereto, in the year 1956, he made
another will to his then living wife.　She died on
February 6, 1957, leaving three children by a
previous marriage.　On March 11, 1957 John Doe
died without issue.　He has no living brothers or
sisters or children.

　　　　"It is my opinion that the 1956 will lapsed
when his wife died.　Then it presents a question as
to whether or not the making of the 1956 will had
the effect of cancelling or causing the 1953 will to
lapse.

　　　　"It is my desire to know whether or not the
1953 will could be probated or if it is a legal will
subject to being probated; or whether or not his
property is subject to escheat.　In other words, it
may become my duty for and in behalf of the State
of Texas to take action to have his property pass
to the State under our escheat law."

　　　　We shall assume certain facts in the absence of more
specific information.　First, we assume that the will of 1953 was
revoked by the subsequent will of 1956 in the manner prescribed
by statute; that is, V.A.T.S. Probate Code, §63, which reads as
follows:

　　　　"No will in writing, and no clause thereof or
devise therein, shall be revoked, except by a sub-
sequent will, codicil, or declaration in writing, executed
with like formalities, or by the testator destroying or
canceling the same, or causing it to be done in his
presence."

This section of the Probate Code is merely a re-enactment of Article 8285, Vernon's Annotated Civil Statutes.

A will may not be revoked in any other manner than that prescribed by the foregoing provision of the Probate Code. In other words, a will may be revoked only by the execution of a subsequent will in writing executed with like formalities as the will sought to be revoked, or by the testator destroying or canceling the same or causing it to be done in his presence. Ragland v. Wagener, 142 Tex. 651, 180 S.W.2d 435 (1944). If we be correct in our assumption that the 1956 will revoked the 1953 will in the manner prescribed by the statute, then we can put aside the 1953 will without further notice.

This brings us to the consideration of the subsequent or the 1956 will which we assume was in writing and executed with the necessary statutory prerequisites to make it a valid will. We assume that the 1956 will bequeathed the entire estate, both real and personal, to the wife without limitation or remainder to anyone. If this be true, the bequest lapsed upon the death of the wife prior to the death of the husband, the testator. Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212 (1947). Then in that event the husband died intestate and his property would descend according to the law of descent and distribution as provided in V.A.T.S. Probate Code, §38.

You state in your letter that the testator died "without issue". We assume that you mean by this "without children". Died "without issue" is not the same as saying "died without heirs". Only if the testator died without living heirs is his estate subject to escheat. We are not justified in concluding from your letter that the testator died without heirs, even though he died without leaving brothers and sisters or children. The foregoing constitutes the most satisfactory answer we can give you in the absence of more specific information.

## SUMMARY

A prior will may be revoked only by the execution of a subsequent will or declaration in writing executed with the same formalities or by destroying or canceling the same or causing it to be done in the presence of the maker. If the sole beneficiary of an estate under a will, without any qualification, limitation or remainder, dies prior to the testator, such an estate lapses, resulting in the testator dying intestate and the estate

passes under the law of descent
and distribution as provided in
V.A.T.S. Probate Code, §38.
Property of a person who dies
intestate, leaving no living heirs
is subject to escheat. Articles
7272-3289, Vernon's Civil Statutes.

Very truly yours,

WILL WILSON
Attorney General

By   *L. P. Lollar*

L. P. Lollar
Assistant

LPL:cs

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman

Arthur Sandlin

Richard Stone

B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Geo. P. Blackburn