**In re The ESTATE OF Frances Edith MERRICK, Deceased.**

**No. 9315.**

Court of Appeals of Texas, Amarillo.

March 9, 1982.

Rehearing Denied March 9, 1982 With Opinion Withdrawing Prior Opinion.

Kimmel & Elms, Larry A. Elms, Lubbock, Ralph H. Brock, Amarillo, for appellant.

Keith L. Merrick, Port Lavaca, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

### ON MOTION FOR REHEARING

BOYD, Justice.

The prior opinion of the court is withdrawn and this opinion is issued in lieu thereof. This is a will contest case. A brief resume of the rather complicated history of the case is necessary. Appellee Keith L. Merrick on August 7, 1979 filed suit in the Lubbock County Court to compel appellant Rowena G. Jones and others to produce a will of Frances Edith Merrick, deceased, alleged to have been in their possession. In that same cause, appellant, on August 28, 1979, then made application for letters of administration, alleging that the deceased left no valid will. Upon contest of this application by appellees, the cause was transferred on October 10, 1979 by the Lubbock County Court to the 140th District Court of Lubbock County, Texas.

On September 10, 1979, an application to probate an alleged lost will of the deceased was filed in the Taylor County Court by appellee Jack Richard Merrick. On November 9, 1979, upon motion of appellees, the Taylor County proceedings were transferred to the 140th District Court of Lubbock County, Texas. In the district court, upon joint motion of all parties, the various causes were consolidated. Trial was to a jury upon one issue, which inquired if the deceased had revoked the lost will in question. The jury found she had not, and the will was admitted to probate. Hence, this appeal by appellant.

Appellant, in his first two points of error, alleges lack of jurisdiction in the 140th District Court, due to the invalidity of the transfer orders from the Taylor County Court and the Lubbock County Court. Appellees, by their first counterpoint, assert the appeal should be dismissed because of "appellant's failure to file pleading under Probate Code, Section 10."

In order to preserve logical continuity we initially discuss appellee's first counterpoint. Section 10, Tex.Prob.Code Ann. (Vernon 1980) provides:

Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition, as in other suits.

In probate matters, less strictness is required in pleading, particularly when the averments questioned relate to matters which the other party must affirmatively establish. *Perdue v. Perdue*, 208 S.W. 353, 355 (Tex.Civ.App.—Texarkana 1918), *aff'd on other grounds*, 110 Tex. 209, 217 S.W. 694 (1920). The application for probate of the lost will alleges that appellees are the sole beneficiaries under the will. Appellant's application for letters of administration contains the allegation that the deceased left no valid will and therefore her surviving brothers and sisters would inherit her estate. The joint motion to consolidate contains statements that appellees "seek to show that Frances Edith Merrick died testate and that they are the beneficiaries under the alleged will" and appellant "and others seek to show that the Decedent died intestate and that they are the heirs at law of the said Frances Edith Merrick." No exceptions or allegations as to deficiencies or lack of pleading were made until appellee's motion for instructed verdict, made after the completion of appellee's evidence.

We think the pleadings are sufficient to show there were two or more parties or claimants to the assets of this estate, each of whom had some legally ascertained pecuniary interest, real or prospective, which would be impaired or benefited, or in some manner materially affected, by the probate or nonprobate of the will in question, and that a bona fide dispute existed between them concerning the validity of the alleged will. This is sufficient to constitute all of the claimants persons "interested in an estate." *Logan v. Thomason*, 146 Tex. 37, 202 S.W.2d 212, 215 (1947). Reasonableness and practicality dictate that pleadings exist joining issue and sufficiently complying with section 10, Tex.Prob.Code Ann. (Vernon 1980). Appellee's counterpoint one is overruled.

We next consider appellant's points one and two. Succintly stated, they raise the question whether, in Lubbock County, the district courts and/or the county courts at law have jurisdiction to try matters of this nature. In discussing these points, a brief consideration of pertinent constitutional and statutory provisions is necessary.

In 1973, article 5, section 8 of the Texas Constitution was amended to give the district court, concurrently with the probate court, general probate jurisdiction. The legislature was specifically empowered to "increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters ..." and "to adopt rules governing the filing, distribution and transfer of all such cases and proceedings as between district courts, county courts, and other courts having jurisdiction thereof ..." Tex.Const., art. V, § 8. Pursuant to that grant of power, the 63rd

Legislature amended section 5 of the Probate Code,* vesting jurisdiction in statutory probate courts, county courts at law or other statutory probate courts exercising probate jurisdiction where they existed, and in the district courts concurrently with the county courts where no such statutory courts had been created. 1973 Tex.Gen. Laws, ch. 610, § 1 at 1684. In 1975, the legislature amended the section substantially as it appears today. 1975 Tex.Gen.Laws, ch. 701, § 2 at 2195. A minor amendment, not relevant here, was added to subsection (d) in 1977.

In 1979, subsection (c) was amended to provide for transfer from the constitutional county court to the statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court. 1979 Tex.Gen.Laws, ch. 713, § 2 at 1740. The 1979 amendment provided that, in those counties in which there is a statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, the judge of the constitutional county court may, on his own motion, and must, on the motion of any party in the proceeding, transfer contested probate matters to one of those courts. In counties within the purview of section 5(c), transfer to one of those courts is mandatory if requested by any party to the case. *Meek v. Mitchusson,* 588 S.W.2d 665, 666 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.). For reasons hereinafter stated, we believe Lubbock County is such a county.

Appellee argues that Lubbock County is an exception to this general rule, first, because the jurisdictional language in the laws creating Lubbock County courts is unique and, second, because of the provision contained in section 2(d) of both acts creating the Lubbock County courts that "nothing in this act shall diminish the jurisdiction of the several district courts in Lubbock County."

Under his first argument, appellee contends that the transfer provisions in paragraph 5(c) deprived the constitutional county court of the authority to try contested

probate cases, and that both of the Lubbock County courts have only limited jurisdiction, that is, concurrent with the county court, leaving only the district court to try contested probate cases.

County Court at Law Number 1 of Lubbock County, Texas, was created in 1950 by Article 1970–340, Tex.Rev.Civ.Stat.Ann. (Vernon Supp. 1965–1981). County Court at Law Number 2 of Lubbock County, Texas was created in 1957 by Article 1970–340.- 1, Tex.Rev.Civ.Stat.Ann. (Vernon Supp. 1965–1981). As originally created, neither court had probate jurisdiction. In 1977, section 2 of each act was amended to give each county court at law "jurisdiction as to all probate matters concurrently with the County Court and any other numbered County Court at Law of Lubbock County...." At the same time, section 6 of Article 1970–340, and section 7 of Article 1970–340.1 were amended to provide "the County Court of Lubbock County shall have and retain the general jurisdiction of the Probate Court concurrently with the county courts at law of Lubbock County; ..." These provisions quite clearly give the county courts at law of Lubbock County general probate jurisdiction.

■ Section 5(c) does not deprive the constitutional county court of Lubbock County of jurisdiction to try contested probate cases. In the absence of a motion to transfer by any party and if the court does not sua sponte transfer, the county court has jurisdiction to try contested probate matters. Section 5(c) merely requires trial by a county court at law if either party or the county judge wishes trial in one of the county courts at law.

We need not decide, in connection with appellee's second argument, whether the district courts have concurrent probate jurisdiction because the jurisdiction of the county court of Lubbock County was invoked by both parties. This being the case, the transfer mandated in section 5(c) does not in any way diminish the jurisdiction of the district courts of Lubbock County.

* All references to section 5 are to Tex.Prob.Code    Ann. (Vernon 1980).

Appellees also argue that, since Taylor County has no county court at law with jurisdiction in probate matters, the only authority of the Taylor County Court was to transfer the probate matter, upon contest, to a district court and, therefore, the district court in Lubbock County acquired jurisdiction through that transfer. Appellees, however, originally invoked the jurisdiction of the Lubbock County Court by the proceeding filed by them. Appellant then filed application for letters of administration on the estate of decedent Frances Edith Merrick. The effect of this act was to make the matter a contested one within the provision of section 5(c). *Brown v. Crockett*, 601 S.W.2d 188, 190 (Tex.Civ.App. —Austin 1980, no writ). All of this took place prior to the filing of the application for probate in Taylor County.

■ Section 8(a), Tex.Prob.Code Ann. (Vernon 1980) provides that when two or more courts have concurrent venue, the court in which application for probate proceedings is *first filed* should have and retain jurisdiction. Section 8(c)(1), Tex.Prob.Code Ann. (Vernon 1980) provides for transfer from a court not possessing priority of venue to *the proper court* in the county possessing venue priority which was, in this case, the Lubbock County Court. Transfer being to the wrong court, the district court in Lubbock County did not thereby acquire jurisdiction. We are compelled to sustain appellant's points of error one and two.

■ Appellee's counterpoint three is styled by them as "Relating to Exclusive Jurisdiction of District Courts and Statutory Probate Courts in Contested Will Cases Involving Trusts and Title to Land." The thrust of appellee's argument is that a dispute could arise concerning the interpretation and administration of certain real estate notes owned jointly by the deceased and the Estate of Richard Fred Merrick, deceased. Their position is that these matters could only be disposed of by a district court or a statutory probate court. No such dispute is before us, however, and we cannot consider the possibility that such a dispute might arise in a future disposition of

this case. Appellant's counterpoint three is overruled.

The motion for rehearing is overruled. The judgment of the trial court is vacated. The transfer orders dated October 10, 1979 and November 9, 1979 are vacated.

Jurisdiction of each proceeding remains in the constitutional county courts until transfer to a proper court for further proceedings.