**In re ESTATE OF Arlie E. DAVIS, Sr., Deceased.**

**No. 11–93–096–CV.**

Court of Appeals of Texas, Eastland.

Jan. 20, 1994.

C.H. McCall, Ben D. Sudderth, Comanche, for appellant.

Rae Leifeste, Hall & Lane, San Angelo, for appellee.

OPINION

McCLOUD, Chief Justice.

This is a will contest. The question presented is whether estoppel due to the acceptance of benefits under a will must be specifically pleaded as an affirmative defense under TEX.R.CIV.P. 94. We hold that it must be pleaded. Consequently, we reverse and remand the trial court's order of dismissal.

Arlie E. Davis, Sr., died on November 25, 1992. Laura Beth Booher, one of the decedent's granddaughters and the appellee in this case, offered for probate a will the deceased had executed on December 7, 1990. The will bequeathed the sum of $50,000 each to Barbara Bernice Davis and to Arlie E. Davis, III. Barbara Bernice Davis was the deceased's other granddaughter, and Arlie E. Davis, III, was the decedent's grandson and

is the appellant in this case. The will bequeathed to appellee a life estate in the decedent's Brown County ranch with the remainder bequeathed to her children. The will also devised the residue of the estate to appellee. The will provided that, if a beneficiary contested the will, all bequests to that person would be forfeited and that the property would pass to the remaining beneficiaries.

Subsequent to the execution of the will, appellee was appointed as guardian over decedent's person and estate. Shortly before the decedent's death, appellee made application to the county court, as the decedent's guardian, for permission to make inter vivos gifts out of the decedent's estate in order to minimize estate taxes upon his death. Appellant was to receive a gift of $25,000. The application specifically stated that the gift was intended to satisfy part of the $50,000 bequest made to appellant in the will. Appellant signed the application approving it as to form and substance and was given the $25,000.

Appellant filed suit to contest the probate of the will, claiming that the decedent lacked testamentary capacity and that the will was the result of undue influence. On the day the case was set for trial on the merits, appellee filed a motion to dismiss the contest arguing that appellant lacked standing to contest the will. At the hearing on the motion, appellee contended that appellant was estopped to contest the will because he had accepted benefits under the will when he accepted the partial advance of his legacy. The trial court dismissed the will contest.

Appellant urges six points of error on appeal. In his second point of error, appellant argues that appellee did not plead estoppel and, therefore, cannot urge it as a ground for dismissal. For the reasons stated below, we sustain appellant's second point of error and do not reach the other points.

Appellant argues that the trial court erred in granting appellee's motion to dismiss the will contest because appellee did not plead the affirmative defense of estoppel as required by TEX.R.CIV.P. 94. Appellee responds that her motion to dismiss was based on appellant's "lack of standing" to contest the will rather than on "estoppel." Appellee also argues that appellant waived his complaint regarding the failure to plead estoppel by not objecting or pointing out the defect before announcing ready to proceed on the motion for dismissal.

As a general rule, estoppel is an affirmative defense that must be specifically pleaded. Rule 94. Appellee responds, however, that the acceptance of benefits under a will is an issue of standing rather than estoppel and, therefore, is not required to be pleaded as an affirmative defense. We disagree.

TEX. PROB. CODE ANN. § 10 (Vernon 1980) limits the right to contest a probate proceeding to persons interested in the estate.[1] The Code defines "interested persons" as "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered." TEX. PROB. CODE ANN. § 3(r) (Vernon 1980). Interested persons have also been defined as those having a "legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate of the will." *Logan v. Thomason*, 146 Tex. 37, 202 S.W.2d 212, 215 (1947); *Abbott v. Foy*, 662 S.W.2d 629, 631 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

The law is settled that a will contestant must allege that he is a person interested in the estate. *Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294, 297–98 (1960); *Logan v. Thomason*, supra 146 Tex. 37, 202 S.W.2d at 215. A person interested in the estate has standing to contest a will. *Maurer v. Sayre*, 833 S.W.2d 680 (Tex.App.—Fort Worth 1992, no writ). The issue of a will contestant's interest in the estate is to be tried separately and in advance of the trial on the issues affecting the validity of the will.

1. Section 10 provides:
Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition, as in other suits.

*Womble v. Atkins,* supra 160 Tex. 363, 331 S.W.2d at 298; *In re Estate of Hill,* 761 S.W.2d 527, 528–29 (Tex.App.—Amarillo 1988, no writ); *Sheffield v. Scott,* 620 S.W.2d 691, 693 (Tex.Civ.App.–Houston [14th Dist.] 1981, writ ref'd n.r.e.).

If we were to strictly apply the statutory definition of persons interested in the estate, appellant would clearly have standing to maintain the will contest. Appellant is both an heir at law and a named beneficiary of the will being offered for probate. Furthermore, it cannot be disputed that appellant has a pecuniary interest in the estate that would be affected by the probate or defeat of the will.

 However, further restrictions have been placed on who qualifies as an interested person for the purpose of maintaining a will contest. It is a well-established equitable doctrine that one who has accepted benefits under a will may not then contest that will. *Trevino v. Turcotte,* 564 S.W.2d 682, 685–86 (Tex.1978). Appellee is correct in asserting that the acceptance of benefits under a will goes to the question of standing. Matters such as estoppel, acceptance of benefits, and relinquishment of interest are included in the determination of whether a contestant is a person interested in the estate. *In re Estate of Hill,* supra 761 S.W.2d at 528; *Sheffield v. Scott,* supra 620 S.W.2d at 694. The acceptance of benefits under a will is a form of estoppel. See generally 31 C.J.S. *Estoppel* §§ 107, 109 & 110(3) (1964). Like other forms of estoppel, estoppel due to the acceptance of benefits is an affirmative defense and must be specifically pleaded. *Turcotte v. Trevino,* 499 S.W.2d 705, 718 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.); see also TEX.R.CIV.P. 94. Appellee did not properly plead estoppel in her motion to dismiss or in her answer.[2]

 Appellee contends that appellant waived his right to complain about the lack of pleading. We disagree.

Appellee filed her motion to dismiss on the day set for trial. Approximately 15 minutes after the motion was filed, the court held a hearing on the motion. Both parties announced ready to proceed on the motion. The trial court then heard testimony and argument on the motion to dismiss without any objection by appellant. The court took the motion under advisement.

The court called the case for trial, and both parties announced ready to proceed subject to the motion to dismiss. After the jury was selected and sworn, appellant requested the court's permission to respond in writing to appellee's motion to dismiss. The court granted appellant leave to file a written response, and appellee did not object. In his written response, appellant specifically urged that appellee had not pled the affirmative defense of estoppel and then prayed that the motion be denied.

Pursuant to TEX.R.CIV.P. 90, appellant brought his specific objection to the attention of the trial court in writing before the order of dismissal was signed. Therefore, appellant preserved his complaint regarding appellee's lack of pleading. Because appellee failed to plead the affirmative defense of estoppel, the defense is waived. See *Gorman v. Life Insurance Company of North America,* 811 S.W.2d 542, 546 (Tex.1991). Point of Error No. 2 is sustained.

The order of dismissal is reversed, and the cause is remanded.[3]

---

2. Appellee's motion to dismiss stated:

> Now comes LAURA BETH BOOHER, Will Proponent in the above-styled and -numbered cause, and respectfully move the Court to dismiss the will contest of ARLIE E. DAVIS, III, Will Contestant, of the validity of the December 7, 1990 will of Arlie E. Davis, Sr., deceased, *for the reason that the Will Contestant*

> *is not an interested party of said will and, thus, lacks standing to contest the validity of the will.* (Emphasis added)

3. Because we reverse the order of dismissal solely on the ground that appellee failed to plead the affirmative defense of estoppel, we express no opinion on the merits of appellee's contention that appellant is estopped to contest the will.