

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00105-CV

**IN THE ESTATE OF** Billye M. **HORMUTH**

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2011-PC-4120
Honorable Tom Rickhoff, Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Rebeca C. Martinez, Justice

Delivered and Filed:  September 10, 2014

REVERSED AND REMANDED

This appeal arises from the trial court's order granting a motion in limine and dismissing: (1) a will contest, and (2) an application to probate a second will.  Because we hold that the trial court erred in granting the motion in limine, we reverse the trial court's order and remand the cause for further proceedings.

## BACKGROUND

Billye M. Hormuth died on October 16, 2011 and was survived by her only children, Barry Hormuth and Beverly Haddock.  On October 31, 2011, the trial court admitted Billye's will, dated December 30, 1985, for probate and appointed Beverly as the executrix of the estate.  In this will, Billye devised her estate to Barry and Beverly in equal shares.  According to the Inventory and Appraisement filed by Beverly in January 2012, the value of the estate totaled over $525,000 and

included Billye's home located at 111 Anne Lewis Drive in San Antonio. As executrix of the estate, Beverly conveyed the home at 111 Anne Lewis Drive to Barry in an Executor's Deed dated February 29, 2012.

On May 17, 2012, Barry filed an "Application to Probate Will and for Issuance of Letters Testamentary," seeking to admit for probate a will allegedly executed by Billye on October 13, 2010. On May 17, 2012, Barry also filed a pleading entitled "Petition," in which he contested the probate of the 1985 will on the basis that it was revoked by the 2010 will. In the 2010 will, Billye revoked all prior wills and devised $10,000 to Beverly, $10,000 to Billye's two grandsons, and all remaining real and personal property to Barry.

On October 22, 2013, Barry filed motions for traditional and no-evidence summary judgment on the claims raised in his contest to the 1985 will, and Beverly filed a response to those motions on November 26, 2013. Also on November 26, 2013, Beverly filed a "Motion in Limine to Dismiss for Lack of Standing Plaintiff's Suit to Probate 2010 Will." Beverly argued that Barry was estopped from offering the 2010 will for probate because he had accepted benefits under the 1985 will, namely the home at 111 Anne Lewis Drive.

On December 3, 2013, the trial court held a hearing which appeared to relate to both: (1) the motion for summary judgment filed by Barry regarding his contest of the 1985 will; and (2) the motion in limine filed by Beverly regarding Barry's application to probate the 2010 will. During the first hearing, the trial court granted a continuance and re-set only the motion in limine for a subsequent hearing to be held on December 27, 2013.[1] After the second hearing, the trial

---

[1] The reporter's record from the December 3, 2013, contains the following exchange:

    MR. SMITH: One moment, Your Honor. And if we do this, are we going to be just hearing the motion in limine —
    THE COURT: Yes.
    MR. SMITH: — or we will be hearing everything?
    THE COURT: No.

court granted the motion in limine and dismissed Barry's application to probate the 2010 will.[2] The trial court did not enter findings of fact or conclusions of law.

## STANDARD OF REVIEW

When the trial court does not make findings of fact or conclusions of law following a bench trial, it is implied that the trial court made all findings necessary to support its judgment, provided the findings are raised by the pleadings and supported by the evidence. *Retamco Operating Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009); *In re Estate of Rothrock*, 312 S.W.3d 271, 273 (Tex. App.—Tyler 2010, no pet.). If a reporter's record is brought forward, these implied findings may be challenged for factual and legal sufficiency as if they were jury findings or a trial court's findings of fact. *In re Estate of Perez*, 324 S.W.3d 257, 260 (Tex. App.—El Paso 2010, no pet.). When reviewing the sufficiency of the evidence supporting such findings, "we do not serve as a fact finder, pass upon the credibility of witnesses, or substitute our judgment for that of the trier of fact, even if there is conflicting evidence upon which a different conclusion could be supported." *Hausman v. Hausman*, 199 S.W.3d 38, 41 (Tex. App.—San Antonio 2006, no pet.). A trial court's implied conclusion of law presents a legal question that we review *de novo*. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *8100 North Freeway, Ltd. v. City of Houston*, 363 S.W.3d 849, 855 (Tex. App.—Houston [14th Dist.] 2012, no pet.). "The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

---

[2] The trial court's order also dismisses Barry's contest of the 1985 will. Because the trial court expressly stated on the record that only the motion in limine was set for the hearing, however, the trial court erred in ruling on the motion for summary judgment relating to the contest without proper notice. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (holding notice of hearing or submission of motion for summary judgment is required). Setting the hearing exclusively on the motion in limine was appropriate because if the trial court proceeded with probating the 2010 will, the 1985 would effectively be revoked, and any issues relating to the contest of that will would be moot.

**DISCUSSION**

In granting the motion in limine, the trial court concluded that estoppel deprived Barry of standing to: (1) contest the 1985 will; and (2) file an application to probate the 2010 will. We agree that a person's acceptance of benefits under a will may result in estoppel which denies the person standing to contest that will. *Trevino v. Turcotte*, 564 S.W.2d 682, 685-86 (Tex. 1978); *In re Estate of McDaniel*, 935 S.W.2d 827, 829 (Tex. App.—Texarkana 1996, no pet.). We do not agree, however, that estoppel resulting from the acceptance of benefits under one will deprives a person of standing to file an application to probate a different will.

After a will has been admitted for probate, the validity of the will may be contested by a person with standing as a "person interested" in the estate. TEX. EST. CODE ANN. § 55.001 (West Pamph. 2013); TEX. EST. CODE ANN. 256.204 (West Pamph. 2013). A "person interested" is an "heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate being administered." *Id.* at § 22.018 (West Pamph. 2013). Under the doctrine of estoppel, however, a "person interested" who otherwise would have standing to contest a will can be estopped from pursuing a contest if the person had accepted benefits under the will. *In re Estate of Davis*, 870 S.W.2d 320, 322 (Tex. App.—Eastland 1994, no writ.).

A separate provision of the Estates Code provides that after a will has been admitted for probate, a person with standing may file an application to admit a second will of the same decedent for probate. TEX. EST. CODE ANN. § 256.05 (West Pamph. 2013). A person has standing if they are a person interested in the estate or if they are an executor named in a will. *Id.* An application under this provision to probate a later will—allegedly executed after the execution of the probated will—is not considered a contest of the earlier will. *Stovall v. Mohler*, 100 S.W.3d 424, 427 (Tex. App.—San Antonio 2002, pet. denied); *Klein v. Dimock*, 705 S.W.2d 408, 410 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.). Rather, the trial court considers the second application under the

same standards and procedures employed when considering the first application and may admit the second will for probate. *See* TEX. EST. CODE ANN. § 256.051. Even though the probate of the second will effectively revokes the probate of the first will, that effect is merely "incidental" and does not render the proceeding a will contest. *Estate of Morris*, 577 S.W.2d 748, 752 (Tex. App.—Amarillo 1979, writ ref'd n.r.e.) (citing *Vance v. Upson*, 64 Tex. 266, 268–71 (1885)). A will contest, in contrast, is a "direct attack on the order admitting a will to probate" and if successful, only has the effect of setting aside the probated will. *Stoll v. Henderson*, 285 S.W.3d 99, 105 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

Texas Courts have consistently applied estoppel in determining whether a person has standing to ***contest*** a will. *See Trevino*, 564 S.W.2d at 685; *Sheffield v. Scott*, 620 S.W.2d 691, 693–94 (Tex. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *In re Estate of Davis*, 870 S.W.2d at 322; *In re Estate of McDaniel*, 935 S.W.2d at 829. We can find only one case, however, where a court appears to have applied estoppel to deprive a person of standing to ***offer a second will*** for probate. In *Atkins v. Womble*, 300 S.W.2d 688, 700 (Tex. App.—Dallas 1957, writ ref'd n.r.e.), the Dallas Court of Appeals held that a person who accepted benefits under a probated will "relinquished her right to take under" a second will she subsequently offered for probate; however, that same person also had executed a settlement and release of all of her claims against the estate in exchange for an additional $25,000 and 473 acres of land that she was not entitled to receive under the probated will. *Id.* at 692. Therefore, the court had an alternative basis for its holding, *i.e.*, the release, and its one sentence holding that the devisee relinquished her right to probate the second will is without discussion, analysis, or citation to any cases that directly support the conclusion. *Id.* at 700. Neither the Texas Supreme Court, nor the majority of other courts of appeals applying estoppel, have applied estoppel to defeat standing outside of the context of a will contest. Because the *Atkins* decision is clearly distinguishable and we find no other persuasive

authority to support the contention that Barry can be estopped from asserting his standing to apply for probate of the 2010 will, we hold that the trial court erred in dismissing Barry's application to probate the 2010 will based on his acceptance of benefits under the 1985 will.[3]

## CONCLUSION

Because Barry's acceptance of benefits under the 1985 will did not deprive him of standing to apply for probate of the 2010 will, we reverse the trial court's order and remand the cause for further proceedings.

Catherine Stone, Chief Justice

---

[3] We express no opinion about the validity of the 2010 will or whether it should be admitted to probate because those issues are for the trial court to decide. *See* TEX. ESTATES CODE § 256.102.