**REVERSE and REMAND; and Opinion Filed November 4, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01193-CV

## IN THE ESTATE OF DEMPSEY JOHNSON, DECEASED

**On Appeal from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 17P-184-2**

# MEMORANDUM OPINION

Before Justices Whitehill, Schenck, and Richter[1]
Opinion by Justice Richter

This appeal involves a will contest and requires that we evaluate two issues concerning the allocation of burdens to prove standing and estoppel by acceptance of benefits. Finding Appellant Tia MacNerland (Tia), the will contestant, satisfied her burden of proof while Appellee, Lisa Jo Jones (Lisa Jo) did not, we reverse and remand the trial court's final judgment.

## BACKGROUND

In 2017, Dempsey Johnson executed a will (the Will) in which he devised multiple specific gifts to his three daughters, Tia, Lisa Jo, and Carla. Specifically, Tia was bequeathed the entirety of a mutual fund and a one-half share of a bank account. The final provisions of the will devised the residuary of the estate to his daughters in equal shares. Dempsey also devised any other property not disposed of by will provision to his heirs. Lisa Jo was named as independent executrix.

---

[1] The Hon. Martin Richter, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, Retired, sitting by assignment.

After Dempsey's death, Lisa Jo filed an application to probate the Will and requested letters of independent administration, which were issued. In December 2017, Lisa Jo transferred the proceeds of the mutual fund, approximately $146,000, to Tia and Tia accepted the transfer. Two months later, Tia filed a will contest claiming Dempsey lacked testamentary capacity when he executed the Will and/or was unduly influenced by Lisa Jo. Tia did not file any evidence in support of her petition contesting the Will. The case was then transferred to county court at law where all documents in the probate case, including the Will, became part of the case. In her answer to the will contest, Lisa Jo asserted that Tia lacked standing to contest the Will because she had accepted benefits bequeathed to her under the Will. Months later, Lisa Jo filed an inventory, appraisement, and list of claims valuing Dempsey's estate at $1,427,209 (exclusive of the previously distributed mutual fund proceeds) and identifying property that was not disposed of in the Will. Lisa Jo then filed a verified motion in limine[2] challenging Tia's standing and asked the trial court to dismiss the will contest. After hearing arguments, the trial court granted the motion and dismissed the case.

## DISCUSSION

### A. Contestants must prove their standing while proponents must prove their affirmative defenses.

Only "interested persons" have standing to contest a will and a contestant bears the burden of proving his or her standing by demonstrating that he or she has a "legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate of the will." TEX. EST. CODE § 55.001; *Logan v. Thomason*, 202 S.W.2d 212, 215 (Tex. 1947). Devisees and heirs-at-law are interested persons. TEX. EST. CODE § 20.018.

---

[2] A proceeding to challenge standing in probate is sometimes referred to as "in limine" because it is tried separately and prior to trial. *Sheffield v. Scott*, 620 S.W.2d 691 (Tex. App.—Houston [14th] 1981, no writ.).

Estoppel by acceptance of benefits provides a will proponent one mechanism for challenging a will contestant's standing. *Trevino v. Turcotte*, 564 S.W.2d 682, 686 (Tex. 1978). The rule of estoppel by acceptance in will contests is designed to estop a will contest by a person who previously accepted a benefit devised under the will. *Id.* ("It is a fundamental rule that a person cannot take a beneficial interest under a will and at the same time retain or claim any interest . . . which would defeat or in any way prevent the full effect and operation of every part of the will."). If the proponent seeks to challenge the contestant's standing by way of estoppel by acceptance, he or she must assert it as an affirmative defense. TEX. R. CIV. P. 94. Accordingly, the will proponent bears the burden of proving the affirmative defense by demonstrating that the challenge is inconsistent with the accepted benefit. *See Holcomb v. Holcomb*, 803 S.W.2d 411, 414 (Tex. App.—Dallas 1991, writ denied). To do so, this Court has held that the proponent must demonstrate that the contestant "received benefits to which she would not be entitled under [any] will, or even under the laws of intestacy." *Id.* In *Holcomb*, this Court held the proponent had not met this burden because he "failed to establish as a matter of law that [the contestant] accepted benefits under the probated will *over* those which she would have otherwise been entitled to." *Id.* at 414 (emphasis added). Therefore, the contestant was not estopped from filing a contest because she had not received *more* benefits than she was entitled to under the will or intestacy. *Id.*

## B. As the proponent, Lisa Jo failed to carry her burden.

As contestant, Tia had the initial burden of proving her standing as an interested person. *See Logan*, 202 S.W.2d at 215. Though Lisa Jo claims that Tia did not meet this burden because she failed to introduce the Will into evidence with her petition, we assume the trial court took judicial notice of the Will and its contents, as well as the inventory, which was in the trial court's files. *See Sierad v. Barnett*, 164 S.W.3d 471, 481 (Tex. App.—Dallas 2005, no pet.) ("The [trial]

court may be presumed to have taken notice of its own files.").[3] Because the face of the Will established Tia's standing as a devisee and an heir-at-law, Tia satisfied her threshold burden. *See* TEX. EST. CODE § 20.018.

In her answer to the will contest, Lisa Jo pled the affirmative defense of estoppel, and was therefore required to demonstrate Tia's acceptance of the proceeds of the mutual fund was inconsistent with her challenge to the Will. *Holcomb*, 803 S.W.2d at 413-14. Though Tia accepted the bequest, the Will and inventory also demonstrated that she was entitled to half of a bank account and additional residual gifts devised by the Will, a fact conceded by Lisa Jo. Additionally, Tia's acceptance was also consistent with the laws of intestacy because, as an heir, she would have been entitled to a one-third share of the $1,427,209 estate. Rather than satisfy her burden, Lisa Jo relied on a case that disagreed with our holding in *Holcomb*, and argued Tia was burdened with disproving estoppel. Declining an unacceptable invitation for one panel of this court to disregard the holding of another panel, we hold Lisa Jo failed to satisfy her burden, as the Will's proponent, by failing to demonstrate that Tia accepted greater benefits than those to which she was entitled under the Will or intestacy laws. *Id.* at 414.

We conclude that Lisa Jo failed to meet her burden of proving her affirmative defense of estoppel by acceptance of benefits and; therefore, **REVERSE** and **REMAND** to the trial court for further proceedings consistent with this opinion.

---

[3] Though a trial court may take judicial notice of documents in its record to establish what is in its record or when they were filed, it may not take judicial notice of the truth of statements contained in the documents in its records. *See O'Donnell v. Vargo*, No. 05-14-00404-CV, 2015 WL 4722459, at *4 (Tex. App.—Dallas Aug. 10, 2015, no pet.) (citing *Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.—Houston [14th] 2011, no pet.); *B.L.M. v. J.H.M., III*, No. 03-14-00050-CV, 2014 WL 3562559, at *11 (Tex. App.—Austin July 17, 2014, pet. denied) (mem. op.)). However, that rule does not apply in this case because it is Tia's status as a devisee, which can only come from the will itself, that established her standing as to contest the will.

MARTIN RICHTER
JUSTICE, ASSIGNED

181193f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE ESTATE OF DEMPSEY
JOHNSON, DECEASED,

No. 05-18-01193-CV

On Appeal from the County Court at Law
No. 2, Kaufman County, Texas
Trial Court Cause No. 17P-184-2.
Opinion delivered by Justice Richter.
Justices Whitehill and Schenck
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is REVERSED and this cause is REMANDED to the trial court for further proceedings consistent with this opinion.

It is ORDERED that appellant IN THE ESTATE OF DEMPSEY JOHNSON, DECEASED recover her costs of this appeal from appellee.

Judgment entered this November 4, 2019.