**In the Matter of the ESTATE OF William G. McDANIEL, Deceased.**

No. 06–96–00034–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 5, 1996.

Decided Oct. 4, 1996.

Rehearing Overruled Nov. 26, 1996.

Samuel Downing McDaniel, Austin, for Appellant.

Mike A. Hatchell, Jack W. Flock, Molly H. Hatchell, Ramey & Flock, Tyler, for Appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

STARR, Justice.

This is a will contest case. The trial court sustained pleas in abatement and ordered dismissal, from which orders appellant brings this appeal. The appeal presents the question of whether appellant is estopped to contest the will because of the acceptance of benefits under the will. A further question is presented as to whether appellant lost standing as an interested party by such acceptance of benefits.

William G. McDaniel died on August 31, 1994. He was not married at the time of his death, and was survived by his only two children, appellant Kenneth G. McDaniel (McDaniel) and appellee Katherine S. Wheatley (Wheatley). On September 8, 1994, Wheatley made application for probate of a will executed by her father on August 26, 1994. The will named Wheatley independent executrix. The will was admitted to probate on September 30, 1994. The will made numerous devises, primarily of real property, to various individuals, including a devise of a life estate in a five-unit rental property to McDaniel. Wheatley was devised substantial real property, as well as the residue of the estate not specifically devised to others. McDaniel alleges that an inventory and appraisement filed by Wheatley shows the value of the estate to be $4,579,940.18. He claims that the value of the property devised to him is $158,000.00.

On January 19, 1995, Wheatley delivered to McDaniel a document entitled "Executor's Deed" purporting to convey to him a life estate in the rental property devised to him by the will. McDaniel had the deed recorded in the county clerk's office on March 6, 1995. McDaniel has received all of the rents on the property since his father's death. The sum of the rents is $1,825.00 per month. As of the November 27, 1995, hearing before the trial court, McDaniel had received a total of $25,775.00 in rents.

On July 27, 1995, McDaniel initiated this contest of his father's will of August 26, 1994. In opposition to the court's order admitting the will to probate, McDaniel alleged that on August 26, 1994, his father lacked the testamentary capacity required by law to execute a will. He also requested the court to admit to probate a will executed by his father in September of 1989 which named him and Wheatley as co-executors and allegedly left them equal shares of the estate.

In response to the contest, Wheatley filed two pleas in abatement, contending 1) that McDaniel was estopped to contest the 1994 will by reason of his receipt of benefits under that will, and 2) that McDaniel was not an interested party with standing to contest the will due to the estoppel. After a hearing, the court sustained the pleas in abatement and ordered that the contest be dismissed.

McDaniel contends that the trial court erred in ruling that he was estopped to con-

test the 1994 will due to his acceptance of benefits thereunder.

■ A person cannot take any beneficial interest under a will and at the same time retain or claim any interest, even if well founded, which would defeat or in any way prevent the full effect and operation of every part of the will. *Trevino v. Turcotte*, 564 S.W.2d 682, 685–86 (Tex.1978). Thus, he who accepts a benefit under a will must adopt the whole contents of the instrument, so far as it concerns him, conforming to its provisions, and renouncing every right inconsistent with it. *Smith v. Butler*, 85 Tex. 126, 19 S.W. 1083, 1085 (1892). A party who accepts benefits under a will is therefore estopped from contesting that will. *Trevino*, 564 S.W.2d at 685–86.

■ Furthermore, only a person interested in an estate may challenge the probate of a will. TEX. PROB.CODE ANN. § 10 (Vernon 1980). A person estopped to contest a will due to acceptance of benefits thereunder does not qualify as a person interested in the estate. *Trevino*, 564 S.W.2d at 687; *Sheffield v. Scott*, 620 S.W.2d 691, 693–94 (Tex. Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

■ With these standards in mind, it is clear that McDaniel voluntarily accepted benefits under his father's 1994 will. The underlying facts are not disputed by the parties. McDaniel began receiving rents from the moment of his father's death on the property in which he was granted a life estate. He admits that he had the deed recorded to show him as the owner.

■ An offer to return the property and its proceeds to Wheatley prior to initiating this contest would constitute some evidence that McDaniel did not accept benefits under the will. *See Trevino*, 564 S.W.2d at 686. McDaniel had not tendered such an offer before this appeal. He continues to hold the property and receive income from it. However, in appellant's most recently filed briefing material in this Court, he asserts for the first time that the receipt of benefits was a "curable condition" and says that he is "able" and "willing" to return the property.

■ McDaniel argues that estoppel by acceptance of benefits should not apply in this case because the property he received under the 1994 will is but a small part of what he allegedly would have received under the 1989 will he wishes to have probated. McDaniel relies almost exclusively on *Holcomb v. Holcomb*, 803 S.W.2d 411 (Tex. App.—Dallas 1991, writ denied). *Holcomb* holds that a person who has received benefits under a will is not estopped to contest that will if the person would have received the same or a greater amount of benefit under another will of the testator or under the laws of intestacy. 803 S.W.2d at 414. This holding is an inaccurate statement of Texas Supreme Court precedent on this issue. The proper test for determining whether a beneficiary under a will has received benefits which estop him from contesting that will is whether the benefits granted him by the will are or are not something of which he could legally be deprived without his consent. *Wright v. Wright*, 154 Tex. 138, 274 S.W.2d 670, 676 (1955). Under this test, the life estate in the rental property and its proceeds qualify as benefits which estop McDaniel from contesting the will.

■ McDaniel also argues that he did not have knowledge at the time he accepted the benefits under the 1994 will that his acceptance would estop him from contesting the will. An estoppel to contest a will based on receipt of benefits need not, however, contain all of the technical elements of a true legal estoppel. *Kellner v. Blaschke*, 334 S.W.2d 315, 320 (Tex.Civ.App.—Austin 1960, writ ref'd n.r.e.). Specifically, whether or not McDaniel had knowledge of all the facts and of all his rights at the moment he accepted the benefits is immaterial to a determination that he, by his acts and conduct after acceptance, became estopped to contest the will. *See Trevino*, 564 S.W.2d at 686. As noted previously, McDaniel has continued to receive the rents from the property and has never tendered a return of the legacy nor of its benefits.

■ Finally, McDaniel argues that Wheatley has failed to show detrimental reliance on his acceptance of benefits under the 1994 will. Once again, however, all of the

elements of true legal estoppel need not be shown. *Kellner*, 334 S.W.2d at 320. The only element essential to estoppel to contest a will based on acceptance of benefits thereunder is that the contestant accept a benefit under the will of which he could have been legally deprived without his consent. *Wright*, 274 S.W.2d at 676.

The trial court did not err in holding that McDaniel is estopped from contesting his father's 1994 will due to his acceptance of benefits thereunder.

We affirm the trial court's order sustaining Wheatley's pleas in abatement and dismissing the will contest.