**IN RE Wade MEEKER, James Meeker, Barney Holland, as Independent Executor of the Estate of Lawrence H. Meeker, and Natasha Wesson, Relators**

### NO. 02–16–00103–CV

Court of Appeals of Texas, Fort Worth.

DELIVERED: June 29, 2016

D. Michael Wallach, Jennifer M. Andrews, Wallach & Andrews, P.C., Fort Worth, Thomas M. Michel, L. Stephen Franscini, V. Griffith, Jay & Michel, LLP, Fort Worth, for Relators.

Mark L. Johansen & Rafael C. Rodriguez, Gruber Elrod Johansen Hail Shank LLP, Dallas, Jim Hartnett, Jr. & Will Hartnett, The Hartnett Law Firm, Dallas, for Real Party in Interest.

Hon. Joe Loving, Fort Worth, Pro Se Respondent.

PANEL: LIVINGSTON, C.J.; WALKER and MEIER, JJ.

## OPINION

TERRIE LIVINGSTON, CHIEF JUSTICE

In this original proceeding,[1] relators Wade Meeker, James Meeker, Barney Holland, as independent executor of the estate of Lawrence H. Meeker, and Natasha Wesson seek a writ of mandamus to compel respondent the Honorable Joe Loving to withdraw his February 24, 2016 "Order Granting Verified Rule 202 Petition and Intervention for Deposition and Subpoena Duces Tecum to Investigate Potential Claims." We deny relief in part and conditionally grant relief in part.

Relators contend that respondent abused his discretion by granting relief under a petition for presuit discovery filed by real party in interest David Alan Meeker (Alan) under rule of civil procedure 202 and by granting relief under a petition for intervention filed by real party in interest Margaret Meeker (Margaret).[2] See Tex.R. Civ. P. 202.1. Alan's and Margaret's petitions were first heard by the Honorable Lin Morrissett, an associate judge. Judge Morrissett orally granted the petitions. Relators requested a de novo hearing. The Honorable Patrick W. Ferchill

---

1. See Tex.R.App. P. 52.1.

2. Alan, Wade, and James are brothers and sons of Lawrence Meeker. Margaret is Lawrence's widow.

voluntarily recused himself from the case, and Judge Loving presided over the de novo hearing and granted the relief requested by Alan and Margaret. Relators asked Judge Loving to stay his February 24, 2016 order pending our review of the order through this mandamus proceeding, but he denied that request. Upon a motion filed in this court, on April 1, 2016, we stayed the February 24, 2016 order pending our review of relators' mandamus petition. We have received and considered relators' mandamus petition, the responses filed by real parties in interest, and relators' replies to the responses.

To the extent that the trial court's February 24, 2016 order grants Alan's rule 202 petition, the court is of the opinion that mandamus relief should be denied because the trial court did not clearly abuse its discretion in granting that relief. *See In re Hayward*, 480 S.W.3d 48, 51–52 (Tex. App.–Fort Worth 2015, orig. proceeding). Although we need not detail all of the reasons that we deny relief with respect to that part of the order, we will briefly respond to the contentions raised by the dissenting opinion. *See* Tex.R.App. P. 52.8(a), (d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 318 (Tex. App.–Houston [1st Dist.] 2006, orig. proceeding) (Keyes, J., concurring) ("[U]nlike review of an appeal, the court of appeals is not required to issue a written opinion explaining its denial of mandamus relief.").

The dissenting opinion contends that the trial court abused its discretion by granting Alan's rule 202 petition for presuit discovery to investigate a potential challenge to Lawrence's will because Alan has accepted benefits under the will and therefore lacks standing to contest it. *See* Dissenting Op. at 5–11; *see also In re Wolfe*, 341 S.W.3d 932, 932–33 (Tex.2011)

(orig.proceeding) (holding that when parties did not have standing on their own to bring a suit for removal of a county official, they could not obtain presuit discovery under rule 202 to investigate the potential removal suit). The dissenting opinion relies upon the general rule that acceptance of benefits in a transaction forecloses an inconsistent challenge to the transaction and upon the more particular principle that one who accepts benefits under a will generally has no standing to contest it. *See Trevino v. Turcotte*, 564 S.W.2d 682, 685–86 (Tex.1978) ("It is a fundamental rule of law that a person cannot take any beneficial interest under a will and at the same time retain or claim any interest, even if well founded, which would defeat or in any way prevent the full effect and operation of every part of the will."); *Little v. Delta Steel, Inc.*, 409 S.W.3d 704, 711 (Tex.App.–Fort Worth 2013, no pet.) (discussing the general principles of quasi estoppel/acceptance of benefits); *In re Estate of Davis*, 870 S.W.2d 320, 322 (Tex.App.–Eastland 1994, no writ) ("The acceptance of benefits under a will is a form of estoppel.").

The rule concerning acceptance of benefits is designed to prevent "one from embracing a beneficial interest devised to him under a will, and then later *asserting a challenge of the will inconsistent with the acceptance of benefits*." *Trevino*, 564 S.W.2d at 689 (emphasis added); *In re Estate of Perez–Muzza*, 446 S.W.3d 415, 420 (Tex.App.–San Antonio 2014, pet. denied). Thus, in various contexts, Texas courts have held that when a successful challenge to a transaction would *not* affect the entitlement to benefits already received, there is no inconsistency inherent in the challenge and, thus, no estoppel. *See Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex.2000) (holding that clients were not estopped from suing a firm for payment of part of a

settlement because the clients' "initial acceptance of a lesser portion of the settlement [was] not inconsistent with their later assertion that they were entitled to more"); *Carle v. Carle*, 149 Tex. 469, 472, 234 S.W.2d 1002, 1004 (1950) (stating, for example, that when "the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken"); [3] *see also Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex.2002) (op. on reh'g) (applying *Carle's* exception to estoppel by acceptance of benefits); *Reynolds v. Reynolds*, No. 14–14–00080–CV, 2015 WL 4504626, at *4 n. 3 (Tex.App.–Houston [14th Dist.] July 23, 2015, no pet.) (mem. op.) (expressing that an exception to the acceptance-of-benefits rule occurs when the challenge involves only a "right to further recovery"); *Waite v. Waite*, 150 S.W.3d 797, 804 (Tex.App.–Houston [14th Dist.] 2004, pet. denied) (explaining that when the challenger to a transaction or judgment accepts only a benefit that is due in any event, the challenger is not estopped).

This exception to the general rule concerning estoppel by acceptance of benefits is well-developed and broadly recognized. *See* 28 Am.Jur.2d *Estoppel and Waiver* § 61 ("One cannot be estopped by reason of accepting that which he or she is legally entitled to receive in any event.... Hence, estoppel against attacking ... [a] transaction is not ordinarily created by the acceptance of a benefit purporting to be derived therefrom if in fact the party is entitled thereto regardless of whether the ... transaction is sustained or overthrown."); *see also Bonner Farms, Ltd. v. Fritz*, 355 Fed.Appx. 10, 16 (6th Cir.2009) (reciting the "longstanding rule" that es-

toppel "does not arise where the person accepting the benefits is entitled thereto, regardless of the questioned transaction"); *Cook v. Ball*, 144 F.2d 423, 438 (7th Cir.) ("It is well settled that even by quasi estoppel one cannot be estopped by reason of accepting that which he is legally entitled to receive in any event."), *cert. denied*, 323 U.S. 761, 65 S.Ct. 93, 89 L.Ed. 609 (1944). More particularly, the exception has been commonly applied to acceptance of benefits under a will. *See* 79 Am.Jur.2d *Wills* § 772 ("One cannot be estopped under the general rule that one who has accepted benefits under a will is estopped to contest the will or to attack its validity by accepting a benefit that he or she would be legally entitled to receive in any event." (footnote omitted)); 95 C.J.S. *Wills* § 533 ("Although it is the general rule that one who accepts and retains benefits under a will is estopped to contest the will's validity, one cannot be estopped by accepting that which he would be legally entitled to receive in any event."); *see also In re Burrough's Estate*, 475 F.2d 370, 373 (D.C.Cir.1973) ("[T]here is no ... problem of equity and election when the claimant ... is entitled to the property taken under the will even if he succeeds in the claim outside and against the will."); *In re Will of Smith*, 158 N.C.App. 722, 582 S.E.2d 356, 358 (2003) (concluding that estoppel did not bar a challenge to the validity of a will because the devisee would have been entitled to the property even if the will was declared invalid).

Alan argues that this well-recognized exception to the rule of estoppel by acceptance of benefits applies here and cites a Texas case that has applied the exception in a will context. *See Holcomb v. Holcomb*, 803 S.W.2d 411, 414 (Tex.App.–

---

**3.** The dissenting opinion relies, in part, on *Carle* in its application of estoppel to Alan's

rule 202 petition. Dissenting Op. at 5–6, 9.

Dallas 1991, writ denied) ("Sid must demonstrate that Anita had in fact received benefits to which she would *not* be entitled under either will.... From the record before us, *Sid has failed to establish as a matter of law that Anita accepted benefits under the probated will over those which she would otherwise have been entitled to.*" (emphasis added)). Relators argue that the exception does not apply and cite a case that disagrees with the decision in *Holcomb. See In re Estate of McDaniel,* 935 S.W.2d 827, 829 (Tex.App.–Texarkana 1996, writ denied).

■ The prevailing recognition and application of the exception in other jurisdictions to acceptance of benefits under a will, and the consistent application of the exception in Texas to acceptance of benefits under all other instruments, including judgments, persuades us that the exception applies to will challenges and may apply to these facts.[4] Accordingly, for this and other reasons, relators' petition for writ of mandamus is denied to the extent that they complain about the portions of respondent's February 24, 2016 order that grant relief to Alan on his rule 202 petition.[5]

■ With respect to the part of the trial court's February 24, 2016 order that grants Margaret's intervention petition, however, the court is of the opinion that mandamus relief must be granted. "Mandamus relief may be available if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy." *Hayward,* 480 S.W.3d at 51–52. An improper order under rule 202 may be set aside by mandamus. *Wolfe,* 341 S.W.3d at 933; *see In re Jorden,* 249 S.W.3d 416, 420 (Tex.2008) (orig.proceeding); *In re Reassure Am. Life Ins. Co.,* 421 S.W.3d 165, 171 (Tex.App.–Corpus Christi 2013, orig. proceeding) (stating that an improper order under rule 202 may be set aside by mandamus because "depositions, once taken, cannot be 'untaken' "); *In re Campos,* No. 02–07–00197–CV, 2007 WL 2013057, at *3 (Tex.App.–Fort Worth July 12, 2007, orig. proceeding) (mem.op.) ("Mandamus relief is appropriate in the context of improperly ordered presuit depositions or presuit rule 202 discovery because relators have no adequate remedy by appeal.").

Alan filed a verified rule 202 petition for presuit discovery in October 2015. In December 2015, Margaret filed an "Intervention to Join Rule 202 Action."[6] In the intervention petition, Margaret alleged that she had requested copies of Lawrence's estate planning documents from relators but that relators had refused to provide the documents. She also alleged that when Alan filed his rule 202 petition, relators "took that as their opportunity to cut off all distributions to [Margaret] under [Lawrence's] estate plan, claiming that [his] estate planning documents were being contested." In other words, Margaret pled that she had been "cut off" from

---

4. Of course, it is not known whether the exception actually applies here because one purpose of Alan's rule 202 petition is to obtain a copy of Lawrence's prior wills and to determine whether he would have received more benefits under any prior wills or under intestacy than under the will that Alan might challenge. Relators have not directed us to evidence establishing that Alan would have received the same benefits or less benefits under prior wills or under intestacy than he has already received.

5. Specifically, the order allows Alan to take oral depositions of relators and to obtain production of certain documents in conjunction with the depositions.

6. Relators argue that rule 202 does not permit an intervention. We need not decide that issue because we hold below that even if an intervention was generally permitted, Margaret's intervention failed to satisfy rule 202's requirements.

receiving distributions from Lawrence's estate "in retaliation for Alan's filing." She alleged,

> The only way to get to the bottom of this family mess is for the documents and information to be put on the table. If the information leads to a will contest or a trust contest or breach of fiduciary duty claims, so be it. More importantly, the information may be sufficient to prevent expensive litigation. On [the] other hand, hiding the documents accomplishes nothing other than to raise everybody's suspicions, foster even more contentious litigation, and subject [Margaret] to unnecessary and inappropriate financial burdens. At the minimum, [Margaret] is entitled to [Lawrence's] earlier estate planning documents so that she can determine what her rights are in the estate and various trusts, with or without a contest of the documents by other parties. Holland, Wade[,] and James should be ordered to produce all wills and Trusts of [Lawrence], in effect as of January 1, 2000 and after.

Relators objected to Margaret's intervention petition and asked the trial court to strike it. They argued, in part, that the intervention petition did not contain the information required by rule 202. Respondent overruled relators' objections to Margaret's intervention petition in his February 24, 2016 order.

Rule 202 allows a person to petition a court for an order authorizing the taking of a deposition to "perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit" or "to investigate a potential claim or suit." Tex.R. Civ. P. 202.1. A rule 202 petition must be verified and must state either that "the petitioner anticipates the institution of a suit in which the petitioner may be a party" or that "the petitioner seeks to investigate a potential claim by or against petitioner." Tex.R. Civ. P. 202.2(a), (d). The petition must also "state the subject matter of the anticipated action, if any, and the petitioner's interest therein." Tex.R. Civ. P. 202.2(e); *see In re East*, 476 S.W.3d 61, 66 (Tex.App.–Corpus Christi 2014, orig. proceeding). Further, the petition must "state the names, addresses[,] and telephone numbers of the persons to be deposed, the substance of the testimony that the petitioner expects to elicit from each, and the petitioner's reasons for desiring to obtain the testimony of each." Tex.R. Civ. P. 202.2(g). The court may order a deposition to be taken if it finds that "allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit" or that "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." [7] Tex.R. Civ. P. 202.4(a).

As we have explained,

> Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are.... Accordingly, courts must strictly limit and carefully supervise presuit discovery to prevent abuse of the rule.

*In re PrairieSmarts LLC*, 421 S.W.3d 296, 305 (Tex.App.–Fort Worth 2014, orig. proceeding) (citations omitted).

■ Considering Margaret's intervention carefully and construing it strictly, we conclude that the petition does not meet the pleading requirements described above. Margaret does not explicitly al-

---

7. Depositions authorized by rule 202 are governed by the rules "applicable to depositions of nonparties in a pending suit." Tex.R. Civ. P. 202.5.

lege that she has a potential claim or that she anticipates a suit that she will be involved in. *See* Tex.R. Civ. P. 202.2(d). Instead, her intervention petition focuses on Alan's potential claim, states that other parties are interested in Alan's rule 202 petition, and discusses a potential will contest brought by "other parties" based on Lawrence's alleged lack of mental and testamentary capacity. Margaret does not explicitly contend that Lawrence lacked testamentary capacity, that she would be a plaintiff in any such potential suit, or that she has an interest in such a suit. *See* Tex.R. Civ. P. 202.2(e). Also, Margaret does not state the substance of testimony that *she* expects to elicit during the presuit depositions or *her* reasons for eliciting the testimony. *See* Tex.R. Civ. P. 202.2(g). Rather, by seeking to join Alan's petition, she appears to attempt to piggyback on *his* reasons. We cannot conclude that this attempt satisfies the detailed requirements of rule 202, which relate specifically to the "person" or "petitioner" seeking presuit discovery.[8] *See* Tex.R. Civ. P. 202.1, 202.2(c)-(h).

For these reasons, we conclude that the trial court clearly abused its discretion to the extent that it granted Margaret's intervention petition, overruled relators' objections to the intervention and denied their request to strike it, and authorized Margaret to obtain presuit discovery (including taking relators' depositions and obtaining documents), and we hold that mandamus relief is appropriate. *See* Tex.R. Civ. P. 202.1, 202.2(c)-(g); *Wolfe*, 341 S.W.3d at 933; *In re Does*, 337 S.W.3d 862,

865 (Tex.2011) (holding that mandamus relief from an order granting a rule 202 petition was appropriate when the allegations in the petition were "sketchy" and concerned possible causes of action by a party other than the petitioner); *Reassure Am. Life Ins. Co.*, 421 S.W.3d at 173 (explaining that a rule 202 petition that does not include "explanatory facts regarding the anticipated suit or the potential claim ... is insufficient to meet the petitioner's burden"); *see also In re Contractor's Supplies, Inc.*, No. 12–09–00231–CV, 2009 WL 2488374, at *5 (Tex.App.–Tyler Aug. 17, 2009, orig. proceeding) (mem.op.) ("A trial court abuses its discretion by ordering a presuit deposition if the petitioner does not make the showing required by rule 202.").

■ The trial court's February 24, 2016 order granting Margaret's intervention and allowing her to participate in presuit discovery under rule 202 constituted an abuse of discretion because Margaret failed to meet the requirements of the rule. *See* Tex.R. Civ. P. 202. Relators lack an adequate remedy by appeal. *See Wolfe*, 341 S.W.3d at 933. Accordingly, we conditionally grant relators' petition for writ of mandamus to the extent that relators challenge the parts of the trial court's February 24, 2016 order granting relief to Margaret. We are confident that respondent will set aside the order to that extent. The writ will issue only if respondent fails to comply.[9]

WALKER, J., filed a dissenting opinion.

---

8. In this court, Margaret contends that because she "simply intervened to join in Alan's petition, she should not have to plead everything that would be required if she had filed her own petition." She cites no authority supporting this proposition.

9. This court's temporary stay issued on April 1, 2016 is dissolved with respect to the part of

the trial court's February 24, 2016 order granting relief under rule 202 to Alan. With respect to the part of the February 24, 2016 order granting relief to Margaret, our temporary stay will be dissolved without further order of this court upon respondent's setting aside that part of the February 24, 2016 order.

Sue Walker, Justice, dissenting.

## I. INTRODUCTION

Because Real Party in Interest Alan Meeker (Alan) lacks standing to assert the "potential claim or suit" he seeks to investigate by virtue of his "Verified Rule 202 Petition for Deposition and Subpoena Duces Tecum to Investigate Potential Claims," I would hold that Respondent the Honorable Joe Loving abused his discretion by granting Alan relief under the rule 202 petition. Consequently, I would grant mandamus relief to Relators Wade Meeker; James Meeker; Barney Holland, as independent executor of the estate of Lawrence H. Meeker; and Natasha Wesson requiring the trial court to set aside *in toto* its February 24, 2016 "Order Granting Verified Rule 202 Petition and Intervention for Deposition and Subpoena Duces Tecum to Investigate Potential Claims."[1]

## II. FACTUAL BACKGROUND

Lawrence Meeker (Mr. Meeker) died on May 27, 2014; Alan is one of Mr. Meeker's surviving sons, and Margaret is Mr. Meeker's widow. A will executed by Mr. Meeker on December 15, 2010 (the Will) was admitted to probate on September 2, 2014.[2] Alan did not file a contest to the Will.

In the Will, Mr. Meeker distributed the assets of two trusts—of which he was a lifetime beneficiary and trustee—by exercising special powers of appointment granted to him by the two trusts. Alan told his brother, Relator Wade Meeker, that Alan believed Mr. Meeker's exercise of the testamentary powers of appoint-

ment was not valid. Accordingly, Relators filed a declaratory judgment action seeking a declaration that Mr. Meeker's exercise of the testamentary special powers of appointment granted to him by the trusts—to distribute the trusts' assets through the Will—was valid, final, and binding. In response to Relators' motion for summary judgment in the declaratory judgment action, Alan filed a February 20, 2015 affidavit stating that he "agreed and [had] communicated to [Relators] that [Mr. Meeker's] exercise of his powers of appointment in [the Will] is valid as it relates to me" and that "I have not contested [the Will] of [Mr. Meeker] in any regard." Accordingly, the trial court determined that the parties were all in agreement as to the matter sought to be declared so that no controversy existed and therefore ordered Relators' declaratory judgment action dismissed.

Relator Barney Holland, as independent executor of Mr. Meeker's estate, then made distributions to the beneficiaries of the Will, including Alan. Alan has received the bulk of the assets bequeathed to him under the Will, except a small amount of cash necessary to cover ad valorem and income taxes as to the assets distributed.[3]

Approximately nine months later, on October 21, 2015, Alan filed a "Verified Rule 202 Petition for Deposition and Subpoena Duces Tecum to Investigate Potential Claims," alleging that "[u]pon information and belief [Mr. Meeker] may have lacked the requisite mental capacity necessary to execute [the Will,] which would render [the

---

1. Because Alan's lack of standing to actually file the suit he seeks to investigate via his rule 202 petition is also dispositive of Relators' request for mandamus relief concerning Real Party in Interest Margaret Meeker's (Margaret) "Intervention to Join Rule 202 Action," I would not separately address Relators' claims concerning Margaret.

2. The Will revoked all prior wills and contained an *in terrorem* clause.

3. Alan concedes that he has "already received approximately $360,000 from [Mr. Meeker's] estate" per the terms of the Will.

Will] void under Texas law." Alan's rule 202 petition alleged that the depositions and documents requested in the petition would allow him to investigate this claim—that Mr. Meeker lacked testamentary capacity to execute the Will.

Relators filed responses and objections to Alan's rule 202 petition, asserting, among other things, that Alan lacked standing to challenge Mr. Meeker's capacity to execute the Will because he had accepted benefits under the Will. After a hearing, the trial court signed a February 24, 2016 order granting Alan the discovery he sought in his rule 202 petition.

Relators filed this petition for writ of mandamus complaining that Respondent abused his discretion in several respects by granting Alan's rule 202 petition.

## III. STANDARD OF REVIEW

Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Frank Kent Motor Co.*, 361 S.W.3d 628, 630–31 (Tex.) (orig.proceeding), *cert. denied*, —— U.S. ——, 133 S.Ct. 167, 184 L.Ed.2d 35 (2012); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig.proceeding). Rule 202 of the Texas Rules of Civil Procedure permits a person to petition the trial court for an order authorizing the taking of a deposition to perpetuate or obtain testimony for use in an anticipated suit or to investigate a potential claim or suit. *See* Tex.R. Civ. P. 202.1. A party to a rule 202 petition against whom suit is anticipated or investigated may seek mandamus review of an allegedly improper rule 202 order. *In re Wolfe*, 341 S.W.3d 932, 933 (Tex.2011) (orig.proceeding); *In re Jorden*, 249 S.W.3d 416, 420 (Tex.2008) (orig. proceeding); *see also generally* Tex.R. Civ. P. 202.1, 202.2 (setting forth purpose and requirements of rule 202 proceeding). A

trial court abuses its discretion by authorizing pre-suit discovery under rule 202 when the rule 202 plaintiff ultimately would have no standing to assert the potential claims forming the basis of the rule 202 petition. *See Wolfe*, 341 S.W.3d at 933 (holding trial court abused its discretion by allowing plaintiff to take rule 202 pre-suit deposition of county when the plaintiff would not have standing to bring suit). Under such circumstances, when the defendant is forced to participate in discovery via a rule 202 petition concerning claims that the plaintiff lacks standing to actually bring, the defendant has no adequate remedy by appeal. *Id.* (explaining "[r]ule 202 is not a license for forced interrogations. Courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule" and granting mandamus relief when rule 202 discovery sought by party lacking standing to bring underlying suit).

## IV. ALAN LACKS STANDING

### A. The Law Concerning Standing to Contest a Will After Acceptance of Benefits Under the Will

The doctrine of estoppel by acceptance-of-benefits is founded on the principle that a litigant cannot treat a judgment as both right and wrong. *Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex.2002); *Carle v. Carle*, 149 Tex. 469, 472, 234 S.W.2d 1002, 1004 (1950). One who "accepts and retains the benefits and fruits of a judgment is thereafter estopped to assert its invalidity," typically by appealing the judgment. *Mueller v. Banks*, 332 S.W.2d 783, 786 (Tex.Civ.App.–San Antonio 1960, no writ). When the acceptance-of-benefits doctrine applies to an appellant, her appeal is rendered moot. *See F.M.G.W. v. D.S.W.*, 402 S.W.3d 329, 332 (Tex.App.–El Paso 2013, no pet.).

The doctrine of estoppel by acceptance-of-benefits applies not only to estop a party from appealing a judgment under which he has accepted benefits, but also to estop a party from contesting a will under which he has accepted benefits. *See Trevino v. Turcotte*, 564 S.W.2d 682, 685–86 (Tex. 1978) (applying doctrine to estop will beneficiary who had accepted benefits under will from subsequently filing will contest). Under the estates code, any "person interested in an estate" has standing to contest a probate proceeding. *See* Tex. Est.Code Ann. § 55.001 (West 2014). A person is interested in an estate if they are an "heir, devisee, spouse, creditor, or any other [person] having a property right in or claim against an estate being administered." *Id.* § 22.018(1) (West 2014). But, "[i]t is a fundamental rule of law that a person cannot take any beneficial interest under a will and at the same time retain or claim any interest, even if well founded, which would defeat or in any way prevent the full effect and operation of every part of the will." *Trevino*, 564 S.W.2d at 685–86; *see also In re Estate of Davis*, 870 S.W.2d 320, 322 (Tex.App.–Eastland 1994, no writ). That is, a "person interested" in a will nonetheless lacks standing to contest [4] the will if they have accepted benefits under that will; a person estopped to contest a will due to acceptance of benefits thereunder does not qualify as a person interested in the estate. *See Trevino*, 564 S.W.2d at 687; *In re Estate of McDaniel*, 935 S.W.2d 827, 829 (Tex.App.–Texarkana 1996, writ denied); *Estate of Davis*, 870 S.W.2d at 322; *Sheffield v. Scott*, 620 S.W.2d 691, 693–94 (Tex.Civ.App.–Houston [14th Dist.] 1981, writ ref'd n.r.e.); *see also In re Estate of Hormuth*, No. 04–14–00105–CV, 2014 WL 4438491, at *2 (Tex. App.–San Antonio Sept. 10, 2014, no pet.) (mem.op.) (recognizing that "Texas Courts have consistently applied estoppel [by acceptance of benefits] in determining whether a person has standing to contest a will.") (emphasis omitted).

## B. Analysis

The mandamus record before this court establishes that Alan accepted the benefits afforded him under the Will after it was admitted to probate on September 2, 2014; indeed, Alan does not contend otherwise. Alan did not contest the probate of the Will. To the contrary, in a February 20, 2015 affidavit opposing Relators' motion for summary judgment in Relators' subsequently filed declaratory judgment action, Alan expressly averred that Mr. Meeker had validly exercised his powers of appointment in the Will and that he, Alan, had not contested the Will. Despite Alan's acceptance of benefits under the Will, despite his failure to contest the Will when it was probated, and despite his sworn averment in his affidavit that Mr. Meeker had validly exercised his powers of appointment in the Will, Alan's rule 202 petition seeks to investigate a claim that Mr. Meeker lacked testamentary capacity so that the Will is void—i.e., a will contest.[5]

The law is well-settled that Alan, who has accepted the benefits due him under the Will, retains no claim that the Will is

---

**4.** A will contest is a "direct attack on the order admitting a will to probate" and if successful, only has the effect of setting aside the probated will. *Stoll v. Henderson*, 285 S.W.3d 99, 105 (Tex.App.–Houston [1st Dist.] 2009, no pet.).

**5.** *See, e.g., Lee v. Lee*, 424 S.W.2d 609, 610 n. 1 (Tex.1968) (recognizing that in will contest filed after will is admitted to probate, burden of proof is on party contesting will to establish testator lacked testamentary capacity); *Horton v. Horton*, 965 S.W.2d 78, 85 (Tex. App.–Fort Worth 1998, no pet.) (same).

void.[6] *See Trevino,* 564 S.W.2d at 685–86; *see also Estate of McDaniel,* 935 S.W.2d at 829; *Estate of Davis,* 870 S.W.2d at 322; *Sheffield,* 620 S.W.2d at 693–94. *Compare Horton,* 965 S.W.2d at 85 (recognizing person who did not take under will—unlike Alan here—possesses standing to bring post-probate will contest asserting testator's lack of testamentary capacity and bears burden of proving such lack of testamentary capacity); *Click v. Sutton,* 438 S.W.2d 610, 612 (Tex.Civ.App.–San Antonio 1969, writ ref'd n.r.e.) (same). Because Alan has accepted benefits under the Will and, in fact, even solicited the distribution of such benefits to himself via his affidavit, Alan is estopped under the acceptance-of-benefits doctrine from bringing a will contest claim asserting that the Will is void. *See Trevino,* 564 S.W.2d at 685–86; *see also Estate of McDaniel,* 935 S.W.2d at 829; *Estate of Davis,* 870 S.W.2d at 322; *Sheffield,* 620 S.W.2d at 693–94; *see also, e.g., Carle,* 234 S.W.2d at 1004 ("[a] litigant cannot treat a judgment as both right and wrong"); *Graham v. Caballero,* 243 S.W.2d 286, 288 (Tex.Civ.App.–El Paso 1951, writ ref'd n.r.e.) ("One may not accept and received the benefits of a judgment and deny its validity."). Alan thus lacks standing to bring the very claim his rule 202 petition seeks to investigate, and a rule 202 proceeding is not available to Alan to investigate a claim that he lacks standing to ultimately pursue. *See Wolfe,* 341 S.W.3d at 933 (holding trial court abused

its discretion by allowing plaintiff to take rule 202 pre-suit deposition to investigate suit plaintiff lacked standing to file); *F.M.G.W.,* 402 S.W.3d at 334 (recognizing that the application of the acceptance-of-benefits doctrine deprives a party of standing). To hold otherwise, as the trial court did, impermissibly allows Alan to avoid discovery limitations; Alan cannot utilize rule 202 to obtain discovery regarding a claim he lacks standing to assert. *See Wolfe,* 341 S.W.3d at 933.

To the extent Alan claims, and the Majority Opinion holds, that his acceptance of benefits under the Will is not inconsistent with a will contest claiming the will is void,[7] the established law is to the contrary; Alan is treating the Will as both valid and void. *See Trevino,* 564 S.W.2d at 685–86; *Carle,* 234 S.W.2d at 1004; *Estate of McDaniel,* 935 S.W.2d at 829; *Estate of Davis,* 870 S.W.2d at 322; *Sheffield,* 620 S.W.2d at 693–94; *Graham,* 243 S.W.2d at 288. To the extent Alan claims, and the Majority Opinion holds, that under the case of *Holcomb v. Holcomb,* 803 S.W.2d 411 (Tex.App.–Dallas 1991, no writ) the acceptance-of-benefits doctrine does not apply because he would have received a larger share of Mr. Meeker's estate under some other yet-to-be-identified will or the laws of intestacy, *Holcomb* has been criticized as contrary to binding Texas Supreme Court authority. *See Estate of McDaniel,* 935 S.W.2d at 829.[8] Because

---

**6.** Alan's rule 202 petition globally alleges that he seeks to investigate "any potential claim he may have to [Mr. Meeker's] estate and/or the assets [of the trust disposed of in the Will]," purportedly based on Mr. Meeker's lack of capacity to execute the Will.

**7.** Alan contends that "simply filing a will contest does not mean that Alan is taking a position inconsistent with the benefits he has already received."

**8.** The court in *Estate of McDaniel* stated,

McDaniel argues that estoppel by acceptance of benefits should not apply in this case because the property he received under the 1994 will is but a small part of what he allegedly would have received under the 1989 will he wishes to have probated. McDaniel relies almost exclusively on *Holcomb v. Holcomb* [citation omitted]. *Holcomb* holds that a person who has received benefits under a will is not estopped to contest that will if the person would have received the same or a greater amount of benefit under another will of the testator or

*Holcomb* is, in my view, contrary to *Trevino* and is an aberration in the case law, it does not apply. *See Trevino,* 564 S.W.2d at 685–86; *Estate of McDaniel,* 935 S.W.2d at 829; *Estate of Davis,* 870 S.W.2d at 322; *Sheffield,* 620 S.W.2d at 693–94.

Moreover, the cases cited by the Majority Opinion for the proposition that "when a successful challenge to a transaction would *not* affect the entitlement to benefits already received, there is no inconsistency inherent in the challenge and, thus, no estoppel" are inapplicable here. Here, Alan would not be entitled to the benefits he has already received under the Will; if Alan successfully prosecutes a contest to the Will and obtains a declaration that the Will is void based on Mr. Meeker's alleged lack of capacity, Alan is entitled to no benefits under the Will. After a successful contest to the Will, Alan might be entitled to different and possibly greater benefits under a different will, or under the law of intestate, but Alan would not be entitled to the benefits he has already accepted under the Will if the Will is declared void. *Cf. Lopez v. Munoz, Hockema & Reed L.L.P.,* 22 S.W.3d 857, 864 (Tex.2000) (explaining that parties accepting monies under a settlement agreement are not estopped to assert their entitlement to additional monies under the same settlement agreement); *Carle,* 234 S.W.2d at 1004 (explaining that an appellant who has accepted a benefit under a judgment is not estopped from appealing that judgment when reversal of the judgment would not deprive

appellant of his right to the benefit he received under that judgment). Contrary to the Majority Opinion's holding, Alan is not simply seeking greater benefits under the same Will; Alan is treating the Will as both valid (by accepting its benefits) and void (by asserting a contest).

For these reasons, I would sustain Relators' issue IIC [9] in their petition for writ of mandamus and hold that the trial court abused its discretion by granting Alan relief on his "Verified Rule 202 Petition and Intervention for Deposition and Subpoena Duces Tecum to Investigate Potential Claims."

## V. CONCLUSION

Because I would hold that the trial court abused its discretion by granting Alan relief on his "Verified Rule 202 Petition and Intervention for Deposition and Subpoena Duces Tecum to Investigate Potential Claims," and because Relators have no adequate remedy by appeal, I would conditionally grant a writ of mandamus ordering Respondent to set aside *in toto* his February 24, 2016 "Order Granting Verified Rule 202 Petition and Intervention for Deposition and Subpoena Duces Tecum to Investigate Potential Claims." Because the Majority does not, I respectfully dissent.

---

under the law of intestacy. [Citation omitted.] *This holding is an inaccurate statement of Texas Supreme Court precedent on this issue.* The proper test for determining whether a beneficiary under a will has received benefits which estop him from contesting that will is whether the benefits granted him by the will are or are not something of which he could legally be deprived without his consent. [Citation omitted.]

935 S.W.2d at 829 (emphasis added). Under the above test, here, Alan accepted benefits under the Will because he could not be legally deprived of the distributions made to him under the Will without his consent. *See id.*

9. Relators' issue IIC states that "Alan is estopped to contest [the Will] since he has accepted benefits under [the Will]."