

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00103-CV

IN RE WADE MEEKER; JAMES            RELATORS
MEEKER; BARNEY HOLLAND, AS
INDEPENDENT EXECUTOR OF
THE ESTATE OF LAWRENCE H.
MEEKER; AND NATASHA
WESSON

-----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 2014-PR01451-2-B

----------

## DISSENTING OPINION

----------

## I. INTRODUCTION

Because Real Party in Interest Alan Meeker (Alan) lacks standing to assert the "potential claim or suit" he seeks to investigate by virtue of his "Verified Rule 202 Petition for Deposition and Subpoena Duces Tecum to Investigate Potential Claims," I would hold that Respondent the Honorable Joe Loving abused his discretion by granting Alan relief under the rule 202 petition. Consequently, I

would grant mandamus relief to Relators Wade Meeker; James Meeker; Barney Holland, as independent executor of the estate of Lawrence H. Meeker; and Natasha Wesson requiring the trial court to set aside *in toto* its February 24, 2016 "Order Granting Verified Rule 202 Petition and Intervention for Deposition and Subpoena Duces Tecum to Investigate Potential Claims."[1]

## II. FACTUAL BACKGROUND

Lawrence Meeker (Mr. Meeker) died on May 27, 2014; Alan is one of Mr. Meeker's surviving sons, and Margaret is Mr. Meeker's widow. A will executed by Mr. Meeker on December 15, 2010 (the Will) was admitted to probate on September 2, 2014.[2] Alan did not file a contest to the Will.

In the Will, Mr. Meeker distributed the assets of two trusts—of which he was a lifetime beneficiary and trustee—by exercising special powers of appointment granted to him by the two trusts. Alan told his brother, Relator Wade Meeker, that Alan believed Mr. Meeker's exercise of the testamentary powers of appointment was not valid. Accordingly, Relators filed a declaratory judgment action seeking a declaration that Mr. Meeker's exercise of the testamentary special powers of appointment granted to him by the trusts—to

---

[1]Because Alan's lack of standing to actually file the suit he seeks to investigate via his rule 202 petition is also dispositive of Relators' request for mandamus relief concerning Real Party in Interest Margaret Meeker's (Margaret) "Intervention to Join Rule 202 Action," I would not separately address Relators' claims concerning Margaret.

[2]The Will revoked all prior wills and contained an *in terrorem* clause.

distribute the trusts' assets through the Will—was valid, final, and binding.  In response to Relators' motion for summary judgment in the declaratory judgment action, Alan filed a February 20, 2015 affidavit stating that he "agreed and [had] communicated to [Relators] that [Mr. Meeker's] exercise of his powers of appointment in [the Will] is valid as it relates to me" and that "I have not contested [the Will] of [Mr. Meeker] in any regard."  Accordingly, the trial court determined that the parties were all in agreement as to the matter sought to be declared so that no controversy existed and therefore ordered Relators' declaratory judgment action dismissed.

Relator Barney Holland, as independent executor of Mr. Meeker's estate, then made distributions to the beneficiaries of the Will, including Alan.  Alan has received the bulk of the assets bequeathed to him under the Will, except a small amount of cash necessary to cover ad valorem and income taxes as to the assets distributed.[3]

Approximately nine months later, on October 21, 2015, Alan filed a "Verified Rule 202 Petition for Deposition and Subpoena Duces Tecum to Investigate Potential Claims," alleging that "[u]pon information and belief [Mr. Meeker] may have lacked the requisite mental capacity necessary to execute [the Will,] which would render [the Will] void under Texas law."  Alan's rule 202 petition alleged that the depositions and documents requested in the petition

---

[3]Alan concedes that he has "already received approximately $360,000 from [Mr. Meeker's] estate" per the terms of the Will.

3

would allow him to investigate this claim—that Mr. Meeker lacked testamentary capacity to execute the Will.

Relators filed responses and objections to Alan's rule 202 petition, asserting, among other things, that Alan lacked standing to challenge Mr. Meeker's capacity to execute the Will because he had accepted benefits under the Will. After a hearing, the trial court signed a February 24, 2016 order granting Alan the discovery he sought in his rule 202 petition.

Relators filed this petition for writ of mandamus complaining that Respondent abused his discretion in several respects by granting Alan's rule 202 petition.

## III. STANDARD OF REVIEW

Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Frank Kent Motor Co.*, 361 S.W.3d 628, 630–31 (Tex.) (orig. proceeding), *cert. denied*, 133 S. Ct. 167 (2012); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Rule 202 of the Texas Rules of Civil Procedure permits a person to petition the trial court for an order authorizing the taking of a deposition to perpetuate or obtain testimony for use in an anticipated suit or to investigate a potential claim or suit. *See* Tex. R. Civ. P. 202.1. A party to a rule 202 petition against whom suit is anticipated or investigated may seek mandamus review of an allegedly improper rule 202 order. *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding); *In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig.

4

proceeding); *see also generally* Tex. R. Civ. P. 202.1, 202.2 (setting forth purpose and requirements of rule 202 proceeding). A trial court abuses its discretion by authorizing pre-suit discovery under rule 202 when the rule 202 plaintiff ultimately would have no standing to assert the potential claims forming the basis of the rule 202 petition. *See Wolfe*, 341 S.W.3d at 933 (holding trial court abused its discretion by allowing plaintiff to take rule 202 pre-suit deposition of county when the plaintiff would not have standing to bring suit). Under such circumstances, when the defendant is forced to participate in discovery via a rule 202 petition concerning claims that the plaintiff lacks standing to actually bring, the defendant has no adequate remedy by appeal. *Id.* (explaining "[r]ule 202 is not a license for forced interrogations. Courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule" and granting mandamus relief when rule 202 discovery sought by party lacking standing to bring underlying suit).

### IV. ALAN LACKS STANDING

#### A. The Law Concerning Standing to Contest a Will After Acceptance of Benefits Under the Will

The doctrine of estoppel by acceptance-of-benefits is founded on the principle that a litigant cannot treat a judgment as both right and wrong. *Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002); *Carle v. Carle*, 149 Tex. 469, 472, 234 S.W.2d 1002, 1004 (1950). One who "accepts and retains the benefits and fruits of a judgment is thereafter estoped to assert its invalidity,"

5

typically by appealing the judgment. *Mueller v. Banks*, 332 S.W.2d 783, 786 (Tex. Civ. App.—San Antonio 1960, no writ). When the acceptance-of-benefits doctrine applies to an appellant, her appeal is rendered moot. *See F.M.G.W. v. D.S.W.*, 402 S.W.3d 329, 332 (Tex. App.—El Paso 2013, no pet.).

The doctrine of estoppel by acceptance-of-benefits applies not only to estop a party from appealing a judgment under which he has accepted benefits, but also to estop a party from contesting a will under which he has accepted benefits. *See Trevino v. Turcotte*, 564 S.W.2d 682, 685–86 (Tex. 1978) (applying doctrine to estop will beneficiary who had accepted benefits under will from subsequently filing will contest). Under the estates code, any "person interested in an estate" has standing to contest a probate proceeding. *See* Tex. Est. Code Ann. § 55.001 (West 2014). A person is interested in an estate if they are an "heir, devisee, spouse, creditor, or any other [person] having a property right in or claim against an estate being administered." *Id.* § 22.018(1) (West 2014). But, "[i]t is a fundamental rule of law that a person cannot take any beneficial interest under a will and at the same time retain or claim any interest, even if well founded, which would defeat or in any way prevent the full effect and operation of every part of the will." *Trevino*, 564 S.W.2d at 685–86; *see also In re Estate of Davis*, 870 S.W.2d 320, 322 (Tex. App.—Eastland 1994, no writ).

That is, a "person interested" in a will nonetheless lacks standing to contest[4] the will if they have accepted benefits under that will; a person estopped to contest a will due to acceptance of benefits thereunder does not qualify as a person interested in the estate.  *See Trevino*, 564 S.W.2d at 687; *In re Estate of McDaniel*, 935 S.W.2d 827, 829 (Tex. App.—Texarkana 1996, writ denied); *Estate of Davis*, 870 S.W.2d at 322; *Sheffield v. Scott*, 620 S.W.2d 691, 693–94 (Tex. Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *see also In re Estate of Hormuth*, No. 04-14-00105-CV, 2014 WL 4438491, at *2 (Tex. App.—San Antonio Sept. 10, 2014, no pet.) (mem. op.) (recognizing that "Texas Courts have consistently applied estoppel [by acceptance of benefits] in determining whether a person has standing to contest a will.") (emphasis omitted).

## B.  Analysis

The mandamus record before this court establishes that Alan accepted the benefits afforded him under the Will after it was admitted to probate on September 2, 2014; indeed, Alan does not contend otherwise.  Alan did not contest the probate of the Will.  To the contrary, in a February 20, 2015 affidavit opposing Relators' motion for summary judgment in Relators' subsequently filed declaratory judgment action, Alan expressly averred that Mr. Meeker had validly exercised his powers of appointment in the Will and that he, Alan, had not

---

[4]A will contest is a "direct attack on the order admitting a will to probate" and if successful, only has the effect of setting aside the probated will.  *Stoll v. Henderson*, 285 S.W.3d 99, 105 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

7

contested the Will. Despite Alan's acceptance of benefits under the Will, despite his failure to contest the Will when it was probated, and despite his sworn averment in his affidavit that Mr. Meeker had validly exercised his powers of appointment in the Will, Alan's rule 202 petition seeks to investigate a claim that Mr. Meeker lacked testamentary capacity so that the Will is void—i.e., a will contest.[5]

The law is well-settled that Alan, who has accepted the benefits due him under the Will, retains no claim that the Will is void.[6] *See Trevino*, 564 S.W.2d at 685–86; *see also Estate of McDaniel*, 935 S.W.2d at 829; *Estate of Davis*, 870 S.W.2d at 322; *Sheffield*, 620 S.W.2d at 693–94. *Compare Horton*, 965 S.W.2d at 85 (recognizing person who did not take under will—unlike Alan here—possesses standing to bring post-probate will contest asserting testator's lack of testamentary capacity and bears burden of proving such lack of testamentary capacity); *Click v. Sutton*, 438 S.W.2d 610, 612 (Tex. Civ. App.—San Antonio 1969, writ ref'd n.r.e.) (same). Because Alan has accepted benefits under the Will and, in fact, even solicited the distribution of such benefits to himself via his

---

[5]*See, e.g., Lee v. Lee*, 424 S.W.2d 609, 610 n.1 (Tex. 1968) (recognizing that in will contest filed after will is admitted to probate, burden of proof is on party contesting will to establish testator lacked testamentary capacity); *Horton v. Horton*, 965 S.W.2d 78, 85 (Tex. App.—Fort Worth 1998, no pet.) (same).

[6]Alan's rule 202 petition globally alleges that he seeks to investigate "any potential claim he may have to [Mr. Meeker's] estate and/or the assets [of the trust disposed of in the Will]," purportedly based on Mr. Meeker's lack of capacity to execute the Will.

affidavit, Alan is estopped under the acceptance-of-benefits doctrine from bringing a will contest claim asserting that the Will is void. *See Trevino*, 564 S.W.2d at 685–86; *see also Estate of McDaniel*, 935 S.W.2d at 829; *Estate of Davis*, 870 S.W.2d at 322; *Sheffield*, 620 S.W.2d at 693–94; *see also, e.g.*, *Carle*, 234 S.W.2d at 1004 ("[a] litigant cannot treat a judgment as both right and wrong"); *Graham v. Caballero*, 243 S.W.2d 286, 288 (Tex. Civ. App.—El Paso 1951, writ ref'd n.r.e.) ("One may not accept and receive[] the benefits of a judgment and deny its validity."). Alan thus lacks standing to bring the very claim his rule 202 petition seeks to investigate, and a rule 202 proceeding is not available to Alan to investigate a claim that he lacks standing to ultimately pursue. *See Wolfe*, 341 S.W.3d at 933 (holding trial court abused its discretion by allowing plaintiff to take rule 202 pre-suit deposition to investigate suit plaintiff lacked standing to file); *F.M.G.W.*, 402 S.W.3d at 334 (recognizing that the application of the acceptance-of-benefits doctrine deprives a party of standing). To hold otherwise, as the trial court did, impermissibly allows Alan to avoid discovery limitations; Alan cannot utilize rule 202 to obtain discovery regarding a claim he lacks standing to assert. *See Wolfe*, 341 S.W.3d at 933.

To the extent Alan claims, and the Majority Opinion holds, that his acceptance of benefits under the Will is not inconsistent with a will contest claiming the will is void,[7] the established law is to the contrary; Alan is treating

---

[7]Alan contends that "simply filing a will contest does not mean that Alan is taking a position inconsistent with the benefits he has already received."

9

the Will as both valid and void. *See Trevino*, 564 S.W.2d at 685–86; *Carle*, 234 S.W.2d at 1004; *Estate of McDaniel*, 935 S.W.2d at 829; *Estate of Davis*, 870 S.W.2d at 322; *Sheffield*, 620 S.W.2d at 693–94; *Graham*, 243 S.W.2d at 288. To the extent Alan claims, and the Majority Opinion holds, that under the case of *Holcomb v. Holcomb,* 803 S.W.2d 411 (Tex. App.—Dallas 1991, no writ) the acceptance-of-benefits doctrine does not apply because he would have received a larger share of Mr. Meeker's estate under some other yet-to-be-identified will or the laws of intestacy, *Holcomb* has been criticized as contrary to binding Texas Supreme Court authority. *See Estate of McDaniel*, 935 S.W.2d at 829.[8] Because *Holcomb* is, in my view, contrary to *Trevino* and is an aberration in the

---

[8]The court in *Estate of McDaniel* stated,

> McDaniel argues that estoppel by acceptance of benefits should not apply in this case because the property he received under the 1994 will is but a small part of what he allegedly would have received under the 1989 will he wishes to have probated. McDaniel relies almost exclusively on *Holcomb v. Holcomb* [citation omitted]. *Holcomb* holds that a person who has received benefits under a will is not estopped to contest that will if the person would have received the same or a greater amount of benefit under another will of the testator or under the law of intestacy. [Citation omitted.] *This holding is an inaccurate statement of Texas Supreme Court precedent on this issue.* The proper test for determining whether a beneficiary under a will has received benefits which estop him from contesting that will is whether the benefits granted him by the will are or are not something of which he could legally be deprived without his consent. [Citation omitted.]

935 S.W.2d at 829 (emphasis added). Under the above test, here, Alan accepted benefits under the Will because he could not be legally deprived of the distributions made to him under the Will without his consent. *See id.*

10

case law, it does not apply. *See Trevino*, 564 S.W.2d at 685–86; *Estate of McDaniel*, 935 S.W.2d at 829; *Estate of Davis*, 870 S.W.2d at 322; *Sheffield*, 620 S.W.2d at 693–94.

Moreover, the cases cited by the Majority Opinion for the proposition that "when a successful challenge to a transaction would *not* affect the entitlement to benefits already received, there is no inconsistency inherent in the challenge and, thus, no estoppel" are inapplicable here. Here, Alan would not be entitled to the benefits he has already received under the Will; if Alan successfully prosecutes a contest to the Will and obtains a declaration that the Will is void based on Mr. Meeker's alleged lack of capacity, Alan is entitled to no benefits under the Will. After a successful contest to the Will, Alan might be entitled to different and possibly greater benefits under a different will, or under the law of intestate, but Alan would not be entitled to the benefits he has already accepted under the Will if the Will is declared void. *Cf. Lopez v. Munoz, Hockema & Reed L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000) (explaining that parties accepting monies under a settlement agreement are not estopped to assert their entitlement to additional monies under the same settlement agreement); *Carle*, 234 S.W.2d at 1004 (explaining that an appellant who has accepted a benefit under a judgment is not estopped from appealing that judgment when reversal of the judgment would not deprive appellant of his right to the benefit he received under that judgment). Contrary to the Majority Opinion's holding, Alan is not simply seeking

11

greater benefits under the same Will; Alan is treating the Will as both valid (by accepting its benefits) and void (by asserting a contest).

For these reasons, I would sustain Relators' issue IIC[9] in their petition for writ of mandamus and hold that the trial court abused its discretion by granting Alan relief on his "Verified Rule 202 Petition and Intervention for Deposition and Subpoena Duces Tecum to Investigate Potential Claims."

## V. CONCLUSION

Because I would hold that the trial court abused its discretion by granting Alan relief on his "Verified Rule 202 Petition and Intervention for Deposition and Subpoena Duces Tecum to Investigate Potential Claims," and because Relators have no adequate remedy by appeal, I would conditionally grant a writ of mandamus ordering Respondent to set aside *in toto* his February 24, 2016 "Order Granting Verified Rule 202 Petition and Intervention for Deposition and Subpoena Duces Tecum to Investigate Potential Claims." Because the Majority does not, I respectfully dissent.

/s/ Sue Walker

SUE WALKER
JUSTICE

DELIVERED: June 29, 2016

---

[9]Relators' issue IIC states that "Alan is estopped to contest [the Will] since he has accepted benefits under [the Will]."

12